UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKSANA BAIUL and OKSANA LTD., <br><br> Plaintiffs, <br><br> v. <br><br> NBC SPORTS, a division of NBC UNIVERSAL MEDIA LLC, a Delaware limited liability company' ON ICE, INC., a California corporation; BARRY MENDELSON, an individual; and DOES 1-10, <br><br> Defendants. | Index No.: 15-cv-9920 (KBF) <br><br> ECF |

## NBCUNIVERSAL MEDIA, LLC'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

NBCUniversal Media, LLC
Chelley E. Talbert (CT-3773)
30 Rockefeller Plaza, Rm 1221-28a11
New York, New York 10012-0002
chelley.talbert@nbcuni.com
Phone: 212.664.2527

*Attorneys for Defendant NBC Sports, a
division of NBCUniversal Media, LLC*

**TABLE OF CONTENTS**

| **SECTION** | **PAGE(S)** |
|---|---|
| INTRODUCTION………….............................................................................. | 1 |
| BACKGROUND………............................................................................... | 1 |
| ARGUMENT ............................................................................................. | 4 |
| I. Removal of this Action is Appropriate…………………............................. | 4 |
| II. The Fourth Amended Complaint is Completely Preempted by the Copyright Act ……………………………………………………............................. | 5 |
|     A. The Fourth Amended Complaint Meets the Subject Matter Test for Preemption……………………………………… | 7 |
|     B. The Fourth Amended Complaint Meets the General Scope Requirement for Preemption……………………………………….. | 9 |
|         1. Plaintiffs' Unjust Enrichment Claim is Preempted…………… | 9 |
|         2. Plaintiffs' Conversion Claim is Preempted……………..……. | 10 |
|         3. Plaintiffs' Accounting Claim is Preempted……………..…… | 13 |
| CONCLUSION............................................................................................. | 14 |

## TABLE OF AUTHORITIES

### CASES

*Archie Comic Publ'ns, Inc. v. DeCarlo,*
   141 F. Supp. 2d 428 (S.D.N.Y. 2001)..................................................................................12

*Arden v. Columbia Pictures Indus., Inc.,*
   908 F. Supp. 1248 (S.D.N.Y. 1995)....................................................................................13

*Ardis Health, LLC v. Nankivell,* No. 11-civ-5013 (NRB),
   2012 WL 5290326 (S.D.N.Y. Oct. 23, 2012) .......................................................................9

*Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.,*
   565 F. Supp. 2d 505 (S.D.N.Y.2008)...................................................................................10

*Barclays Capital Inc. v. Theflyonthewall.com, Inc.,*
   650 F.3d 876 (2d Cir. 2011)..........................................................................................5, 6, 7

*Bellmer Dolls v. Shaikh*,
   No. 09-civ- 7020 (LMM), 2010 WL 565459 (S.D.N.Y. Feb. 18, 2010) ...............................6

*Berry v. Deutsche Bank Trust Co. Americas,*
   2008 WL 4694968 (S.D.N.Y. Oct.21, 2008), *aff'd,* 378 Fed. Appx. 110 (2d Cir. 2010).............9

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004)................................................................................ *passim*

*Buttner v. RD Palmer Enterprises, Inc.*,
   No. 5:13-cv-0342 (LEK)/(ATB), 2013 WL 6196560 (N.D.N.Y. Nov. 27, 2013)..................7, 12

*Canal+ Image UK Ltd. v. Lutvak*,
   773 F. Supp. 2d 419 (S.D.N.Y. 2011).................................................................................11

*Carell v. Shubert Org.*, Inc.,
   104 F. Supp. 2d 236 (S.D.N.Y. 2000).................................................................................13

*Dead Kennedys v. Biafra,,*
   37 F. Supp. 2d 1151 (N.D. Cal. 1999) ................................................................................11

*Einiger v. Citigroup, Inc.,*
   No. 1:14–cv–4570 (GHW), 2014 WL 4494139 (S.D.N.Y. Sept. 12, 2014).........................9

*Faktor v. Yahoo! Inc.*,
   No. 12-cv-5220 (RA), 2013 WL 1641180 (S.D.N.Y. Apr. 16, 2013) ...................................7

*G.S. Rasnussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*,
    958 F.2d 896 (9th Cir. 1992) ........................................................................................12

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
    713 F. Supp. 2d 215 (S.D.N.Y. 2010) ..............................................................................7

*Gusler v. Fischer,*
    580 F. Supp. 2d 309 (S.D.N.Y.2008) ...............................................................................9

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
    723 F.2d 195 (2d Cir. 1983) *rev'd on other grounds*, 471 U.S. 539 (1985) ...................6, 11, 12

*I.C. ex rel. Solovsky v. Delta Galil USA*,
    No. 1:14-cv-7289 (GHW), 2015 WL 5724812 (S.D.N.Y. Sept. 29, 2015) ....................6, 9, 10

*Jasper v. Bovina Music, Inc.*,
    314 F.3d 42 (2d Cir. 2002) ................................................................................................5

*Levine v. Landy,*
    832 F. Supp. 2d 176 (N.D.N.Y. 2011) ...................................................................10, 11, 13

*Miller v. Holtzbrinck Publishers, L.L.C.*,
    377 F. App'x 72 (2d Cir. 2010) .......................................................................................11

*Miller v. Holtzbrinck Publishers, LLC*,
    No. 08CIV.3508(HB), 2008 WL 4891212 (S.D.N.Y. Nov. 11, 2008) ............................12

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir.1997) ........................................................................................5, 6, 7

*ProCD, Inc. v. Zeidenberg,*
    86 F.3d 1447 (7th Cir.1996) .............................................................................................6

*Richard Feiner & Co. v. H.R. Indus., Inc.*,
    10 F. Supp.2d 310 (S.D.N.Y.1998) .................................................................................13

*Spinelli v. Nat'l Football League*,
    96 F. Supp. 3d 81 (S.D.N.Y. 2015) .................................................................................10

*Thurman v. Bun Bun Music*,
    No. 13-civ-5194 (CM) (MHD), 2015 WL 2168134 (S.D.N.Y. May 7, 2015) ..................9

*United Food & Commercial Workers Union, v. CenterMark Props. Meriden Square, Inc.*,
    30 F.3d 298 (2d Cir. 1994) ................................................................................................4

*Weber v. Geffen Records, Inc.*,
    63 F. Supp. 2d 458 (S.D.N.Y. 1999) ................................................................................13


## STATUTES AND RULES

17 U.S.C. § 102 ................................................................................................................. 5, 6, 8
17 U.S.C. § 103 ................................................................................................................. 5, 6, 8
17 U.S.C. § 106 ....................................................................................................... 5, 6, 7, 11, 13
17 U.S.C. § 301 ..................................................................................................................... *passim*
28 U.S.C. § 1331 ................................................................................................................ 1, 4, 14
28 U.S.C. § 1332 ..................................................................................................................... 2, 4
28 U.S.C. § 1338 ..................................................................................................................... 1, 4
28 U.S.C. § 1441 ..................................................................................................................... 1, 4
Fed. R. Civ. P. 9(b) .................................................................................................................. 10
Fed. R. Civ. P. 12(c) ................................................................................................................... 5


## OTHER AUTHORITY

1 Melville B. Nimmer & David Nimmer,
    Nimmer on Copyright *307 § 1.01[B][1][g] (2003) ................................................... 10, 11

Defendant NBC Sports, a division of NBCUniversal Media, LLC ("NBCUniversal") respectfully submits this memorandum of law, pursuant to 28 U.S.C. §§ 1331, 1338, 1441 and 17 U.S.C. § 301, in opposition to Plaintiffs' motion to remand.

## INTRODUCTION

Plaintiffs' motion is all aspiration, at the expense of authority. There is a singular, glaring omission in Plaintiffs' motion to remand. Though quoting Shakespeare and referencing, abstractly, the purported "blizzard of caselaw" in support of their position, not once do Plaintiffs cite the controlling authority in this Circuit, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.* This 2004 Second Circuit decision confirms what Plaintiffs try to obscure with exclamations and a smattering of irrelative authority from outside of this district: This Court holds subject matter jurisdiction over this matter. NBCUniversal, naturally, does not delight in needing to bring these issues and these parties back before this Court or in needlessly continuing this uniquely frivolous litigation. Plaintiffs, for years, have contorted legal theory and concocted hard facts in attempt to keep alive claims that long ago should have been abandoned as meritless. Now, in their *fourth* attempt to recast their Complaint, they have placed the controversy squarely before this Court. Consequently, NBCUniversal has removed these claims for final adjudication in the appropriate forum.

## BACKGROUND

As Plaintiffs have stated, the Court is likely familiar with prior proceedings in this matter,[1] thus NBCUniversal will limit its background to events following the Court's remand of these proceedings following the action's removal by former co-defendant, Sonar Entertainment,

---

[1] NBCUniversal is prepared to submit a more detailed historical account if it would be useful for the Court's analysis and does not agree with Plaintiffs' description of the filing process.

Inc.[2] The procedural circumstances leading up to the filing of the Fourth Amended Complaint may be useful to the Court in understanding how this action is once again before it:

The day following remand of this action to the New York Supreme Court – September 16, 2015 – Plaintiffs' California counsel requested that NBCUniversal consent to a discontinuance of this action (the "New York Action") (then pending in New York Supreme Court) without prejudice, presumably as there was simultaneous litigation of mirror issues in the United States District Court for the Central District of California ("the California Action") (Talbert Decl. ¶ 2.)[3] While the claims remanded in this New York Action were based upon Plaintiffs' theory of liability that NBCUniversal had breached a written agreement with Plaintiff Oksana Baiul ("Baiul") entitling her to royalties from the 1994 figure skating production of *The Nutcracker on Ice* ("the Picture"),[4] the California Action was based upon Plaintiffs' theory that Defendants had failed to enter into a written agreement with Baiul for the Picture and was required to pay her royalties for her performance on unjust enrichment and conversion theories.

NBCUniversal was reluctant to agree to a dismissal without prejudice that would leave open the potential to confront these parties and these issues again in New York. (Talbert Decl. ¶ 3.) Accordingly, the same day, counsel for NBCUniversal wrote to Plaintiffs' New York counsel, requesting a tidying of issues such that the parties did not need to needlessly litigate the same issues in two, across-country forums. (*Id.*) NBCUniversal advised Plaintiffs that a dismissal in New York with prejudice was most appropriate, so that the parties could litigate to finality in California as Plaintiffs' desired with an expectation that needless res judicata briefing

---

[2] NBCUniversal consented to the removal.

[3] *See Baiul v. NBC Sports et al.*, Case No. 15-cv-05163 (DDP) (MRWx) (C.D. Cal.) (removed pursuant to 28 U.S.C. § 1332).

[4] Plaintiffs' alleged in their early-filed complaints that NBCUniversal had breached two written, perpetual performance agreements with Baiul, which had been executed for two versions of the Picture. (ECF Nos. 5-2, 5-4, 5-11.)

would not later be required in New York by any party. (*Id.*) Nevertheless, within the next few days, Plaintiffs confirmed their intent to file an amended complaint in the New York Action, although they failed to articulate their contemplated theories of liability. (*Id.*)

Months passed. In the meanwhile, NBCUniversal moved to dismiss the complaint pending in California. (Talbert Decl. ¶ 4.) By November 2015, Plaintiffs still had not filed the promised amended complaint in the New York Action and thus continued to maintain claims in the New York Action based on allegations directly at odds with the allegations in the California Action. NBCUniversal counsel again wrote to Plaintiffs' New York counsel, expressing concern at the Plaintiffs' continual maintenance of antithetical factual allegations before two judicial forums. (*Id.*) NBCUniversal again suggested Plaintiffs dismiss the New York Action. (*Id.*) In subsequent discussions and in an effort to move towards finality for all sides, NBCUniversal agreed to stipulate in writing that, if the Plaintiffs agreed that dismissal of the New York Action would be with prejudice, NBCUniversal would not move to dismiss the California Action on res judicata grounds while NBCUniversal's motion to dismiss was pending. (*Id.*) Plaintiffs rejected this proposal and, rather than let the pending California motion finally decide this controversy, requested instead that NBCUniversal agree to their filing of an amended complaint in New York. (*Id.*) NBCUniversal gave limited consent, with the hope that doing so would curtail now endless briefing, this time on the issue of whether Plaintiffs should be permitted to amend. (*Id.*)

On December 9, 2015, Plaintiffs amended the New York Action for yet a fourth time. (ECF No. 5-14 (the "Fourth Amended Complaint").) Given that Plaintiffs' current, Fourth Amended Complaint raises issues exclusively governed by the Copyright Act, NBCUniversal removed the action to this Court. (ECF No. 5.) On December 22, 2015, NBCUniversal spoke again with Plaintiffs concerning dismissal. (Talbert Decl. ¶ 5.) While expressly maintaining its

position that Second Circuit authority was compelling and dispositive with respect to preemption, NBCUniversal reiterated its suggestion for dismissal in New York in favor of litigation in the California forum. (*Id.*) In lieu of responding to NBCUniversal's suggestion, Plaintiffs filed the instant motion to remand on January 20, 2016. (*Id.*)

On February 2, 2015, the eve of the filing of this opposition, the district court in the California Action granted NBCUniversal's motion to dismiss the California complaint in its entirety, including Plaintiffs' claims for unjust enrichment, conversion, and an accounting. (Talbert Decl. ¶ 6; ¶ 7, Ex. A (the "California Dismissal").)[5] NBCUniversal counsel reached out again to Plaintiffs' New York counsel to inquire whether Plaintiffs would be dismissing this, identical action, as that decision could impact the need for the current briefing. (*Id.* at ¶ 6.) Plaintiffs, as of the time of this filing, have insisted on maintaining this duplicative action. (*Id.*)

## ARGUMENT

### I.
### Removal Of This Action Is Appropriate

An action is appropriately removed from state court to a district court where such action is pending, where the district court "ha[s] original jurisdiction." 28 U.S.C. § 1441(a). A district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, the district courts have original and exclusive jurisdiction over civil actions arising under any Congressional act relating to "patents, plant variety protection, copyrights, and trademarks." 28 U.S.C. § 1338. In deciding a motion to remand, a court should determine whether the defendants can establish a basis for either federal question jurisdiction or diversity of citizenship under 28 U.S.C. § 1332. *See, e.g., United Food & Commercial Workers Union, v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301

---

[5] The court also denied Plaintiffs' motion to remand. (Talbert Decl. ¶ 6.)

(2d Cir. 1994). A basis for federal question jurisdiction exists where an action has been completely preempted by federal law or if interpretation of a federal law is required. *E.g., Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002). Here, the claims alleged in the Fourth Amended Complaint are completely preempted by the Copyright Act, and thus, are appropriately before this Court.

## II.[6]
## The Fourth Amended Complaint Is Completely Preempted By The Copyright Act

The concept of copyright preemption is not novel. Nor does the analysis of whether this matter is preempted require the contortion of law or Congressional intent that Plaintiffs argue in their motion. Section 301 of The Copyright Act, *Preemption with respect to other laws*, mandates that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ... are governed exclusively by" the Copyright Act. 17 U.S.C. § 301. In *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, the Second Circuit confirmed that district courts do indeed "have jurisdiction over state law claims preempted by the Copyright Act." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *see also Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 892 (2d Cir. 2011); *Nat'l Basketball Ass'n ("NBA") v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir.1997)). The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights

---

[6] NBCUniversal also will be filing a Fed. R. Civ. P. 12(c) motion on the pleadings, in part, for the reasons set forth below.

that already are protected by copyright law under 17 U.S.C. § 106. *Briarpatch*, 373 F.3d at 305 (citing 17 U.S.C. § 301(a)). The first prong of the test is the "subject matter requirement"; the second prong is the "general scope requirement." *Id.* (citing *NBA*, 105 F.3d at 848).

"The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Id.* (citing *NBA*, 105 F.3d at 848-49); *see also I.C. ex rel. Solovsky v. Delta Galil USA*, No. 1:14-cv-7289 (GHW), 2015 WL 5724812, at *16 (S.D.N.Y. Sept. 29, 2015); *Bellmer Dolls v. Shaikh*, No. 09-civ- 7020 (LMM), 2010 WL 565459, at *2 (S.D.N.Y. Feb. 18, 2010). The law does not require that a work consist entirely of copyrightable material in order to meet the subject matter requirement. Rather, the work need only fit into one of the copyrightable categories in a broad sense. *E.g.*, *Briarpatch*, 373 F.3d at 305; *see also NBA*, 105 F.3d at 850 (Section 301's preemption scheme only functions properly where the "'subject matter of copyright' includes all works of a *type* covered by sections 102 and 103, even if federal law does not afford protection to them.'") (quoting *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir.1996) (emphasis in original)).

Under the general scope requirement, the state law claim must not "include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305 (citing *NBA*, 105 F.3d at 851); *see also Barclays Capital Inc.*, 650 F.3d at 909 (2d Cir. 2011). The "bundle of rights" covered by a copyright claim has been recognized to include the exclusive right to use, reproduce, copy, display, or distribute a copyrighted work. *Briarpatch*, 373 F.3d at 306; *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200-01 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985) ("right [plaintiffs] seek to protect is coextensive with an exclusive right already safeguarded by the [Copyright] Act –

namely, control over reproduction and derivative use of copyrighted material"); *Buttner v. RD Palmer Enters., Inc.*, No. 5:13-cv-0342 (LEK)/(ATB), 2013 WL 6196560, at *3 (N.D.N.Y. Nov. 27, 2013) ("[T]he unauthorized distribution, copying, transference, or modification of a work is precisely the substance of a copyright infringement claim."); *see also* 17 U.S.C § 106 (defining exclusive rights in copyrighted works).

When determining whether a claim is qualitatively different from the rights protected by copyright, district courts are instructed to examine "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Briarpatch*, 373 F.3d at 306. This Circuit takes "a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.* (citing *NBA*, 105 F.3d at 851). "Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different." *Id.* Nor are allegations of deception or misrepresentation enough to transform a state claim into one of copyright. *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 220 (S.D.N.Y. 2010). A state law claim is therefore preempted when the extra element changes the scope but not the fundamental nature of the right. *See Barclays Capital Inc.*, 650 F.3d at 892-93; *Briarpatch*, 373 F.3d at 306-07; *Faktor v. Yahoo! Inc.*, No. 12-cv-5220 (RA), 2013 WL 1641180, at *5 (S.D.N.Y. Apr. 16, 2013); *Gary Friedrich Enters., LLC*, 713 F. Supp. 2d at 221.

Plaintiffs' claims meet both tests of copyright preemption, dismantling their challenge to removal.

A. **The Fourth Amended Complaint Meets the Subject Matter Test for Preemption**

There can be no reasonable dispute that Plaintiffs' claims fall within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103. Plaintiffs' claims concern

Defendants' alleged recording of and subsequent distribution and exploitation of her figure skating performance in the Picture, including the distribution and exploitation of multiple versions of the performance. (Compl. ¶ 2-3 & Compl. [ECF No. 5-14], Ex. A.) Thus, whether in reference to Plaintiffs' performance or the resulting alleged recordings, her claims sit perfectly within multiple categories of work protected by copyright. *See* 17 U.S.C. Code § 102(3) (dramatic works, including any accompanying music); § 102(4) (pantomimes and choreographic works); § 102(6) motion pictures and other audiovisual works); § 103 (derivative works).

Plaintiffs contend both that Baiul's performance is ephemeral and therefore incapable of tangibility and that Baiul herself "is not fixed in a tangible medium of expression." (Br. at. 4.) This misses the point. The relevant inquiry is whether the claims concern a work covered by copyright – they do, *see* 17 U.S.C. §§ 102(3), (4), (6) and § 103 – and whether that work has been fixed within a tangible medium – it has, the video record of her performance. It is of no relevance whether (and frankly illogical to suggest that) the individual performing the work (as opposed to the work) must also be "fixed in a tangible medium." (Br. at 4.) Moreover, Plaintiffs' denial that Baiul's performance was fixed in a tangible medium is a complete subversion of their claims: They seek compensation on the basis of Defendants' alleged distribution and exploitation of a recording of the performance. Without conceding a tangible, fixed medium exists, there are no claims, and more troublesome for Plaintiffs, no royalties. The "showstopper" argument, rather than inspiring the Shakespeare language called out by Plaintiffs, calls to mind for NBCUniversal a different quote from the Bard: "For you and I are past our dancing days." *Romeo & Juliet*, Act I, Scene 5.

**B.     The Fourth Amended Complaint Meets the General Scope Requirement for Preemption**

    1.    <u>Plaintiffs' Unjust Enrichment Claim Is Preempted.</u>

This Circuit is consistent in concluding, as the Court should here, that unjust enrichment claims are preempted by Copyright Law. *See Briarpatch*, 373 F.3d 296, 306-07 ("While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); *I.C. ex rel. Solovsky v. Delta Galil USA*, No. 1:14-cv-7289 (GHW), 2015 WL 5724812, at *17 (S.D.N.Y. Sept. 29, 2015) ("The overwhelming majority of courts in this circuit, including this Court, have held that unjust enrichment claims do not contain an 'extra element' and thus satisfy the general scope requirement.") (citing *Einiger v. Citigroup, Inc.,* No. 1:14–cv–4570 (GHW), 2014 WL 4494139, at *7 (S.D.N.Y. Sept. 12, 2014)); *Thurman v. Bun Bun Music*, No. 13-civ-5194 (CM) (MHD), 2015 WL 2168134, at *8 (S.D.N.Y. May 7, 2015); *Ardis Health, LLC v. Nankivell,* No. 11-civ-5013 (NRB), 2012 WL 5290326, at *10 (S.D.N.Y. Oct. 23, 2012) ("Courts have generally concluded that the theory of unjust enrichment protects rights that are essentially equivalent to rights protected by the Copyright Act; thus, unjust enrichment claims related to the use of copyrighted material are generally preempted.") (internal quotation marks omitted); *Gusler v. Fischer,* 580 F. Supp. 2d 309, 316-17 (S.D.N.Y. 2008) ("[A]lthough enrichment is not an element of a copyright infringement claim, it does not constitute an 'extra element' for the purposes of preemption analysis…") (citation omitted); *Berry v. Deutsche Bank Trust Co. Americas,* 2008 WL 4694968, *6 (S.D.N.Y. Oct. 21, 2008), *aff'd,* 378 Fed. Appx. 110 (2d Cir. 2010) (dismissing unjust enrichment claim related to infringement on preemption grounds because it was "qualitatively the same as a copyright infringement claim"); *see also* 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright *307 § 1.01[B][1][g] (2003) ("[A]

9

state law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.").

This is because an unjust enrichment claim in New York requires a showing that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover. *I.C. ex rel. Solovsky*, 2015 WL 5724812 at *17; *Levine v. Landy*, 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011). "Like the elements of awareness or intent, the enrichment element [ ] limits the scope of the claim but leaves its fundamental nature unaltered." *Briarpatch*, 373 F.3d at 306.

Plaintiffs support their unjust enrichment claim [7] with bare-bone allegations that Defendants were enriched by their alleged use and exploitation of the Picture, entitling Plaintiffs to millions in unpaid royalties alleged to have resulted from its distribution. (Compl. ¶ 14-16.) Plaintiffs' argument that her claims are not preempted because she is seeking "her share of the money", rather than "use and exploitation" of the Picture itself, is easily disregarded. A plaintiff's allegation that she "failed to receive royalties 'does not transform [her] copyright infringement claim into an unjust enrichment claim,' and '[i]f the law were otherwise,' it would 'undermine § 301 preemption.'" *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 137 (S.D.N.Y. 2015) (citing *Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008)).[8] To the extent Plaintiffs, in their opposition,

---

[7] Plaintiffs allege unjust enrichment by "fraud or mistake." Regarding the thumbtacked language, Plaintiffs have not made a claim for fraud. In any event, they have failed to state a claim for fraud (identifying no misrepresentations) and have failed to satisfy the particularly requirements of Fed. R. Civ. P. 9(b) for alleging fraud or mistake.

[8] To the extent that Plaintiffs attempt to rely on *Levine* for the proposition that a demand for royalties takes the complaint outside the scope of copyright, they are wrong. In *Levine*, the court declined to find preemption where plaintiff sought remuneration for the use of his photograph that he had authorized. *Levine* concurrently concluded however, that with respect to the photographs that were allegedly used without authorization, the unjust enrichment claims were

attempt to reframe their theory yet again to suggest the Defendants' enrichment occurred in turning the performance into the Picture, "[t]his act would, in and of itself, infringe the adaptation rights protected by § 106(2)." *Briarpatch*, 373 F.3d at 307. This claim cannot avoid preemption.[9]

    2.    <u>Plaintiffs' Conversion Claim Is Preempted.</u>

Courts within this district are as unequivocal in holding that conversion claims are preempted by the Copyright Act. See *Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 73-74 (2d Cir. 2010); *Harper & Row*, 723 F.2d at 201 (holding that a claim of conversion based on unauthorized publication of a work was preempted because it is "coextensive with an exclusive right already safeguarded by the Act"). As unauthorized publication and distribution is the crux of Plaintiffs' claim, "it is clear that the right they seek to protect is coextensive with an exclusive right already safeguarded by the Act – namely, control over reproduction and

---

preempted. *Levine*, 832 F. Supp. at 188-89. Similarly, Plaintiffs have alleged that Defendants' use and exploitation of her performance in the Picture was unauthorized. *See* Compl. ¶ 3 ("Oksana made no grant of rights to either [Defendant] to use and exploit [her] performance in the Picture."). Plaintiffs' reliance on *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151 (N.D.Ca 1999), a non-binding decision from outside this circuit, is similarly misplaced. *Dead Kennedys* involved a breach of contract claim where the key issue was the division of royalties between co-owners of copyright works. *Id.* Here, there is no contract claim (*see* note 10, *infra*), no allegations of co-ownership, and no facts to support such claims. Plaintiffs in fact concede that she does not claim and does not seek rights of exploitation and distribution (consistent with a co-ownership allegation) and only seeks money for the distribution of the Picture.

[9] Plaintiffs attempt to resurrect an implied "in fact" contract claim within their motion papers that appears nowhere in their amended complaint. If it did, it would run afoul of the determinative defenses Plaintiffs have been consciously skirting with their multiple complaints, the statute of frauds and the statute of limitations, and would be undermined by Plaintiffs' constant claims of a lack of capacity to contract around the time of her Nutcracker performance. Nor are Plaintiffs' allegations (of only recently learning of the alleged fraud or mistake) consistent with a required element of an implied contract claim, mutual assent to material terms. Finally, and in any event, this claim too would be preempted. *See Canal+ Image UK Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 445 (S.D.N.Y. 2011) ("[A] breach of contract cause of action can serve as a subterfuge to control nothing other than the reproduction, adaptation, public distribution, etc. of works within the subject matter of copyright. Those instances are to be deemed pre-empted.") (citing 1 Nimmer on Copyright § 1.01[B][1][a][i])).

11

derivative use of copyrighted material. As such, their conversion claim is necessarily preempted." *Harper & Row*, 723 F.2d at 200; *see also Buttner*, 2013 WL 6196560 at *2 (finding conversion claim preempted); *Miller v. Holtzbrinck Publishers, LLC*, No. 08-cv-3508 (HB), 2008 WL 4891212, at *3 (S.D.N.Y. Nov. 11, 2008) (same); *Archie Comic Publ'ns, Inc. v. DeCarlo*, 141 F.Supp.2d 428, 432 (S.D.N.Y. 2001) (same). Only where a conversion claim alleges wrongful possession and exclusive control over of a tangible item rightfully belong to the plaintiff can the claim survive preemption. *See Harper & Row*, 723 F.2d at 200; *Buttner*, 2013 WL 6196560 at *2.[10]

Plaintiffs have failed to allege that Defendants have retained possession of any tangible property (and in attempting to escape complete preemption have denied that any tangible item exists). Their conversion allegation is merely a claim to protect rights protected by copyright and as result is preempted. *See also* California Dismissal, Talbert Decl., Ex A. at 5 ("Nor is the court persuaded by Plaintiffs' argument that she is asserting rights distinct from those protected by copyright.").

    3.    <u>Plaintiffs' Accounting Claim Is Preempted.</u>

Finally, Plaintiffs' accounting claim is preempted. The Complaint contains no facts that support their right to recovery under this equitable theory. Regardless of how Plaintiffs have titled their causes of action, Plaintiffs' basic claim is that Defendants distributed and exploited Baiul's performance without compensation to Plaintiffs. This claim, as discussed above, seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights already protected by

---

[10] The Plaintiffs' reliance on *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cir. 1992), is both non-precedential and inapposite. In G.S. *Rasmussen,* the court found a conversion claim was not preempted because the claim as pled included an extra right it sought to protect, namely the right to secure a government privilege that would otherwise be forbidden. *Id.* at 900-01.

12

copyright law. *Cf. Levine v. Landy*, 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011) (noting that defendants were alleged to have "received remuneration for distribution and publication of [plaintiff's] Photographs, the proceeds of which were not properly reported or remitted to" the plaintiff and that [t]hese acts, by themselves, would infringe plaintiff's publication and distribution rights protected by § 106"). "It is only through this basic claim that any enrichment is unjust … or that anyone profiting must account to plaintiff. Accordingly, the Copyright Act preempts plaintiff's [ ] state law claims [for an] accounting." *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999) (citing *Richard Feiner & Co. v. H.R. Indus., Inc.*, 10 F. Supp. 2d 310, 316 (S.D.N.Y. 1998) (finding accounting claim preempted)); *see also Carell v. Shubert Org.*, Inc., 104 F. Supp. 2d 236, 249 n.9 (S.D.N.Y. 2000) ("The Court notes that plaintiff's claim for accounting is asserted under state as well as federal law. Section 301 of the Copyright Act expressly preempts state law claims that are equivalent to claims falling within the scope of the Copyright Act, including a state law claim for an accounting.") (citing *Richard Feiner & Co., Inc.*, 10 F. Supp. 2d at 316); *Arden v. Columbia Pictures Indus., Inc.*, 908 F. Supp. 1248, 1264 (S.D.N.Y. 1995).

## Conclusion

For the foregoing reasons, this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 17 U.S.C. 301. Accordingly, NBCUniversal Media, LLC respectfully requests that the Court deny Plaintiffs' motion to remand and award other relief as is just and proper.

Dated:   New York, New York
         February 3, 2016

                                        NBCUniversal Media, LLC

                                        By: /s *Chelley E. Talbert*
                                            Chelley E. Talbert (CT-3773)

                                        30 Rockefeller Plaza, 1221-28a11
                                        New York, New York 10112-0002
                                        chelley.talbert@nbcuni.com
                                        (212) 664-2527

                                        *For NBC Sports, a division of*
                                        *NBCUniversal Media, LLC*