**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OKSANA BAIUL and OKSANA LTD.,

                Plaintiffs,

     v.

NBC SPORTS, a division of NBC UNIVERSAL
MEDIA LLC, a Delaware limited liability
company' ON ICE, INC., a California corporation;
BARRY MENDELSON, an individual; and DOES
1-10,

                Defendants.

Index No.: 15-cv-9920 (KBF)

**ECF**

---

**NBCUNIVERSAL MEDIA, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**
**AND FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

NBCUniversal Media, LLC
Chelley E. Talbert (CT-3773)
30 Rockefeller Plaza, Rm 622-543
New York, New York 10012-0002
chelley.talbert@nbcuni.com
Phone: 212.664.2527

*Attorneys for Defendant NBC Sports, a*
*division of NBCUniversal Media, LLC*

# TABLE OF CONTENTS

**SECTION**                                                                                      **PAGE(S)**

INTRODUCTION……………................................................................................  1

BACKGROUND………......................................................................................  1

ARGUMENT ......................................................................................................  4

I.       The Complaint Should be Dismissed in its Entirety…………......................  4

         A.       Plaintiffs' Claims are Preempted by the Copyright Act...……………  4
                  1.       The Fourth Amended Complaint Meets the Subject
                           Matter Test for Preemption …………………………………….  7
                  2.       The Fourth Amended Complaint Meets the General Scope
                  3.       Requirement for Preemption ………….…………………....  7

         B.       All of Plaintiffs' Claims are Time Barred……………………………  11

         C.       Plaintiffs' Claims are Barred by the Statute of Frauds…………………  14

         D.       The Fourth Amended Complaint does not State a Cause of
                  Action for any Claim…………………………………………………  17
                  1.       Unjust Enrichment …………………………………………...  17
                  2.       Conversion………….…………………………………………..  19
                  3.       Accounting……………..……………………………………  21

II.      NBCUniversal Respectfully Submits Sanctions Should be Imposed
         Pursuant to 28 U.S.C. § 1927…………………………….........................  23

CONCLUSION.......................................................................................................  25

# TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE(S)**

*9310 Third Ave. Assocs., Inc. v. Schaffer Food Serv. Co.,*
   620 N.Y.S.2d 207 (2d Dep't 1994) ...................................................................... 19, 20

*Abrams v. Unity Mutual Life Ins. Co.,*
   237 F.3d 862 (7th Cir. 2001) .......................................................................................... 16

*Agee v. Paramount Commc'ns Inc.,*
   114 F.3d 395 (2d Cir. 1997) ........................................................................................... 23

*Aiken v. Herman Wolz Textile Corp.,*
   152 N.Y.S.2d 664 (N.Y. Sup. Ct. 1956) ...................................................................... 14

*Alcantara v. Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan,*
   751 F.3d 71 (2d Cir. 2014) ............................................................................................... 3

*Am. Movie Classics Co. v. Turner Entm't Co.,*
   922 F. Supp. 926 (S.D.N.Y. 1996) .................................................................................. 4

*Archie Comic Publ'ns, Inc. v. DeCarlo,*
   141 F. Supp. 2d 428 (S.D.N.Y. 2001) ............................................................................ 9

*Arden v. Columbia Pictures Indus., Inc.,*
   908 F. Supp. 1248 (S.D.N.Y. 1995) .............................................................................. 11

*Ardis Health, LLC v. Nankivell,*
   No. 11-civ-5013 (NRB), 2012 WL 5290326 (S.D.N.Y. Oct. 23, 2012) ...................... 8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................................................. 3, 17

*Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.,*
   565 F. Supp. 2d 505 (S.D.N.Y. 2008) ............................................................................ 9

*Baiul v. William Morris, LLC,*
   No. 13 Civ. 8683(KBF) 2014 WL 1804526 (S.D.N.Y May 6, 2014),
   *aff'd*, 601 Fed. Appx. 58 (2d Cir. 2015) ................................................................ 13, 23

*Barclays Capital Inc. v. Theflyonthewall.com, Inc.,*
   650 F.3d 876 (2d Cir. 2011) ........................................................................................ 5, 6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ......................................................................................... 3, 4, 14, 17

*Bellmer Dolls v. Shaikh,*

No. 09-civ- 7020 (LMM), 2010 WL 565459 (S.D.N.Y. Feb. 18, 2010) ...................................... 5

*Bray Terminals, Inc. v. Transp. Oil Co.,*

580 N.Y.S.2d 498 (3d Dep't 1992) ...................................................................... 13

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,*

373 F.3d 296 (2d Cir. 2004) .......................................................................... 5, 6, 7, 8

*Burnette v. Carothers,*

192 F.3d 52 (2d Cir. 1999) ...................................................................................... 3

*Buttner v. RD Palmer Enters., Inc.,*

No. 5:13-cv-0342 (LEK)/(ATB), 2013 WL 6196560 (N.D.N.Y. Nov. 27, 2013) ............. 6, 9, 10

*Carell v. Shubert Org., Inc.,*

104 F. Supp. 2d 236 (S.D.N.Y. 2000) ............................................................................ 10

*Chang v. Gordon,*

No. 96 CIV. 0152 (JFK), 1997 WL 563288 (S.D.N.Y. Sept. 8, 1997) ...................................... 21

*City of Syracuse v. Loomis Armored US, LLC,*

900 F. Supp. 2d 274 (N.D.N.Y. 2012) ........................................................................ 11, 19, 21

*City of Yonkers v. Otis Elevator Co.,*

649 F. Supp. 716 (S.D.N.Y. 1986), *aff'd*, 844 F.2d 42 (2d Cir. 1988) ...................................... 15

*Clark v. Curtis,*

76 N.Y.S.2d 3 (2d Dep't 1947), *aff'd*, 80 N.E.2d 536 (N.Y. 1948) .......................................... 14

*Cortec Indus., Inc. v. Sum Holding L.P.,*

949 F.2d 42 (2d Cir.1991) ....................................................................................... 13, 17

*Ctr. for Rehab. & Nursing at Birchwood, LLC v. S & L Birchwood, LLC,*

939 N.Y.S.2d 78 (2d Dep't 2012) .......................................................................... 21, 22, 23

*Durso v. Baisch,*

830 N.Y.S.2d 327 (2d Dep't 2007) .............................................................................. 15

*E. End Labs., Inc. v. Sawaya,*

914 N.Y.S.2d 250 (2d Dep't 2010) ........................................................................... 21, 22

*Edelman v. Starwood Capital Grp., LLC,*

892 N.Y.S.2d 37 (1st Dep't 2009) .............................................................................. 18, 19

*Einiger v. Citigroup, Inc.,*

No. 1:14–cv–4570 (GHW), 2014 WL 4494139 (S.D.N.Y. Sept. 12, 2014) ................................ 8

*Elliot v. Qwest Commc'ns Corp.,*

808 N.Y.S.2d 443 (3rd Dep't 2006) .............................................................................. 11

*Faktor v. Yahoo! Inc.,*
    No. 12-cv-5220 (RA), 2013 WL 1641180 (S.D.N.Y. Apr. 16, 2013) ........................................ 6

*Farey-Jones v. Buckingham,*
    132 F. Supp. 2d 92 (E.D.N.Y. 2001) ........................................................................................ 19

*FS Media Holding Co. (Jersey) v. Harrison,*
    No. 13 CIV. 3144 SAS, 2013 WL 5780771 (S.D.N.Y. Oct. 25, 2013) .................................... 21

*Galet v. Carolace Embroidery Products Co.,*
    No. 91 CIV. 7991 (SS), 1994 WL 542275 (S.D.N.Y. Oct. 5, 1994),
    *aff'd,* 122 F.3d 1056 (2d Cir. 1995), *aff'd sub nom,* 122 F.3d 1056 (2d Cir. 1997) ................ 4

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.,*
    713 F. Supp. 2d 215 (S.D.N.Y. 2010) ...................................................................................... 6

*Gentile v. Jobete Music Co.,* 92-cv-4718 (RPP),
    92-cv-4718 (RPP), 1996 WL 148427 (S.D.N.Y. Apr. 2, 1996)......................................... 15, 16

*Gerstel v. Workmen's Benefit Fund of U.S.A., Inc.,*
    159 N.Y.S.2d 705 (Sup. Ct. Cnty. N.Y. 1956)......................................................................... 22

*Gerstel v. Workmen's Benefit Fund of U.S.A., Inc.,*
    167 N.Y.S.2d 998 (1st Dep't 1957) ......................................................................................... 22

*Gold Sun Shipping Ltd. v. Ionian Transp. Inc.,*
    666 N.Y.S.2d 677 (2d Dep't1997) ........................................................................................... 11

*Goodman Mfg. Co. L.P. v. Raytheon Co.,*
    No. 98 CIV. 2774 (LAP), 1999 WL 681382 (S.D.N.Y. Aug. 31, 1999) .................................. 14

*Grossman v. Laurence Handprints-N.J., Inc.,*
    455 N.Y.S.2d 852 (2d Dep't 1982) ......................................................................................... 23

*Gusler v. Fischer,*
    580 F. Supp. 2d 309 (S.D.N.Y. 2008) ....................................................................................... 8

*Hanrihan v. Parker,*
    192 N.Y.S.2d 2 (N.Y. Sup. Ct. 1959) ..................................................................................... 15

*Harper & Row Publishers, Inc. v. Nation Enters.,*
    723 F.2d 195 (2d Cir. 1983), *rev'd on other ground,* 471 U.S. 539 (1985) .................... 6, 9, 10

*Horowitz v. Santamaria,*
    731 N.Y.S.2d 449 (1st Dep't 2001) ......................................................................................... 16

*Huntington Dental & Medical Co., Inc. v. Minnesota Min. of Mfg. Co.,*
    No. 95 CIV 1095 (JFK), 1998 WL 60954 (S.D.N.Y. Feb. 13, 1998)...................................... 16

*I.C. ex rel. Solovsky v. Delta Galil USA,*

No. 1:14-cv-7289 (GHW), 2015 WL 5724812 (S.D.N.Y. Sept. 29, 2015) ............................ 5, 8

*In re Fischer,*

308 B.R. 631 (Bankr. E.D.N.Y 2004) ..................................................................... 11

*In re JMK Constr. Grp., Ltd.,*

502 B.R. 396 (Bankr. S.D.N.Y. 2013) ..................................................................... 3

*Integrative Nutrition, Inc. v. Acad. of Healing Nutrition,*

476 F. Supp. 2d 291 (S.D.N.Y. 2007) ..................................................................... 4

*It's Ent., Div. of I.S. Enters., Inc. v. Choice Ent., Inc.,*

No. 90 CIV. 0653 (RWS), 1991 WL 285615 (S.D.N.Y. Dec. 31, 1991) ............................ 20, 21

*Jaffe v. Capital One Bank,*

No. 09 CIV. 4106 (PGG), 2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) .................................. 17

*Kaufman v. Cohen,*

760 N.Y.S.2d 157 (1st Dep't 2003) ..................................................................... 11

*Kaye v. Grossman,*

202 F.3d 611 (2d Cir. 2000) ..................................................................... 17

*Kucker v. Gates Container Corp.,*

33 N.Y.S.2d 608 (2d Dep't 1942), *aff'd*, 45 N.E.2d 1970 (N.Y. 1942) .................................. 14

*La Potin v. Julius Lang, Co.,*

290 N.Y.S.2d 619 (1st Dep't) ..................................................................... 14

*Lawrence v. Sharkey,*

No. 13-CV-1743 SJF AKT, 2015 WL 2213274 (E.D.N.Y. May 8, 2015) ............................ 3, 14

*Levine v. Landy,*

832 F. Supp. 2d 176 (N.D.N.Y. 2011) ..................................................................... 8, 10

*Manufacturers Hanover Trust Co. v. Chem. Bank,*

559 N.Y.S.2d 704 (1st Dep't 1990) ..................................................................... 20

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.,*

693 F. Supp. 2d 387 (S.D.N.Y. 2010) ..................................................................... 11

*MBF Clearing Corp. v. Shine,*

623 N.Y.S.2d, 204 (1st Dep't 1995) ..................................................................... 19

*Melwani v. Jain,*

722 N.Y.S.2d 145 (1st Dep't 2001) ..................................................................... 15

*Miller v. Holtzbrinck Publishers, L.L.C.,*

377 F. App'x 72 (2d Cir. 2010)................................................................................9

*Miller v. Holtzbrinck Publishers, LLC,*

No. 08-cv-3508 (HB), 2008 WL 4891212 (S.D.N.Y. Nov. 11, 2008)........................9

*Morgenweck v. Vision Capital Advisors, LLC,*

410 F. App'x 400 (2d Cir. 2011)...........................................................................16

*N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,*

163 F.3d 449 (7th Cir. 1998).................................................................................14

*Nat'l Basketball Ass'n ("NBA") v. Motorola, Inc.,*

105 F.3d 841 (2d Cir.1997)................................................................................5, 6

*Oliveri v. Thompson,*

803 F.3d 1265 (2d. Cir. 1986)...............................................................................23

*Pawaroo v. Countrywide Bank,*

No. 09-CV-2924 ARR SMG, 2010 WL 1048822 (E.D.N.Y. Mar. 18, 2010) .............18

*Peters Griffin Woodward, Inc. v. WCSC, Inc.,*

452 N.Y.S.2d 599 (1st Dep't 1982) .......................................................................20

*ProCD, Inc. v. Zeidenberg,*

86 F.3d 1447 (7th Cir.1996)....................................................................................5

*Rao v. Verde,*

635 N.Y.S.2d 660 (2d Dep't 1995) ........................................................................19

*Reed Int'l Trading Corp. v. Donau Bank AG,*

866 F. Supp. 750 (S.D.N.Y. 1994) ........................................................................18

*Republic of Haiti v. Duvalier,*

626 N.Y.S.2d 472 (1st Dep't 1995) .......................................................................19

*Richard Feiner & Co., Inc. v. H.R. Indus., Inc.,*

10 F. Supp. 2d 310 (S.D.N.Y. 1998)......................................................................11

*Salovaara v. Eckert,*

222 F.3d 19 (2d Cir. 2000)....................................................................................23

*Saunders v. AOL Time Warner, Inc.,*

794 N.Y.S.2d 342 (1st Dep't 2005) .......................................................................22

*Seneca Ins. Co. v. Wilcock,*

No. 01 Civ. 7620 (WHP), 2002 WL 1067828 (S.D.N.Y. May 28, 2002)..................11

*Sirico v. F.G.G. Prods., Inc.,*

896 N.Y.S.2d 61 (1st Dep't 2010) ...............................................................11, 13, 15

*Sosa v. Medstaff, Inc.*,

No. 12 CIV 8926 NRB, 2014 WL 4377754 (S.D.N.Y. Sept. 4, 2014), *aff'd sub nom*, 618 F. App'x 19 (2d Cir. 2015) ............................................................................... 3

*Spinelli v. Nat'l Football League*,

96 F. Supp. 3d 81 (S.D.N.Y. 2015) ........................................................................... 9

*Sporn v. Suffolk Marketing, Inc.*,

438 N.E.2d 1108 (N.Y.1982) .................................................................................. 16

*Star Contracting Co., Inc. v. McDonald's Corp.*,

608 N.Y.S.2d 327 (2d Dep't 1994) .......................................................................... 19

*Tamir v. Greenberg*,

501 N.Y.S.2d 103 (2d Dep't 1986) .......................................................................... 15

*Thiam v. Am. Talent Agency, Inc.*,

No. 11 CIV. 1465 GBD, 2012 WL 1034901 (S.D.N.Y. Mar. 27, 2012) ................... 16

*Tower Int'l, Inc. v. Caledonian Airways, Ltd.*,

133 F.3d 908 (2d Cir. 1998) .................................................................................... 16

*Urgo v. Patel*,

746 N.Y.S.2d 733 (2d Dep't 2002) .......................................................................... 15

*Vigilant Ins. Co. of Am. v. Housing Auth.*,

660 N.E.2d 1121 (N.Y. 1995) .................................................................................. 11

*Weber v. Geffen Records, Inc.*,

63 F. Supp. 2d 458 (S.D.N.Y. 1999) ....................................................................... 10

*Weinbaum v. Algonquin Gas Transmission Co.*,

132 N.Y.S.2d 128 (N.Y. Sup. Ct. 1954), *aff'd*, 136 N.Y.S.2d 423 (2d Dep't 1955).................. 14

*Zeising v. Kelly*,

152 F. Supp. 2d 335 (S.D.N.Y. 2001) ................................................................. 16, 17

## STATUTES

17 U.S.C. § 102................................................................................................ 4, 5, 7

17 U.S.C. § 103................................................................................................ 4, 5, 7

17 U.S.C. § 106.................................................................................................... 5, 6

17 U.S.C. § 301............................................................................................... 4, 5, 9

28 U.S.C. § 1338.................................................................................................... 4

28 U.S.C. § 1927.................................................................................... 2, 1, 23, 25

N.Y. General Obligation Law § 5-701................................................................ 15

## RULES

C.P.L.R. § 213.................................................................................................... 11

C.P.L.R. § 214.................................................................................................... 11

Fed. R. Civ. P. 12(b)(6)......................................................................................... 3

Fed. R. Civ. P. 12(c) .......................................................................................... 1, 3

## SECONDARY SOURCES

1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright

*307 § 1.01[B][1][g] (2003)................................................................................ 8

NBCUniversal Media, LLC ("NBCUniversal") respectfully submits this memorandum of law, pursuant to Federal Rule of Civil Procedure 12(c) in support of NBCUniversal's motion for judgment on the pleadings and for sanctions pursuant to the Court's authority under 28 U.S.C § 1927.[1]

## INTRODUCTION

Plaintiffs' have filed multiple complaints, relying on various theories of liability and wildly differing, incompatible facts. Regardless of such tenacity, they have not been able to surmount the most basic of obstacles. This litigation has dragged on unjustifiably for years. Plaintiffs' current complaint, their fifth, should bring this litigation to its needed end.

## BACKGROUND[2]

On January 20, 2016, Plaintiffs filed a Fourth Amended Complaint ("FAC") in this litigation. The FAC alleged three causes of action: (1) unjust enrichment; (2) conversion; and (3) an accounting. All claims stem from a figure skating performance plaintiff Oksana Baiul ("Baiul") gave that was captured in a 1994 VHS production of *The Nutcracker on Ice* ("the Nutcracker"). (FAC ¶ 2, Ex. A (to the FAC).)

Plaintiffs' unjust enrichment claim is a jumble of facts and conclusory statements of law. Purportedly, "by reason of fraud or mistake," NBCUniversal and Baiul failed to enter into a written agreement for her performance in the Nutcracker. NBCUniversal, Plaintiffs claim, has produced and exploited one or more versions of the VHS tape but have failed to pay Baiul the royalties to which she claims entitlement by virtue of that use. Baiul, however, has alleged no

---

[1] There is no evidence in the record that any other Defendant has been served with the Fourth Amended Complaint.

[2] The Court has signaled familiarity with the prior proceedings in and background of this matter, and earlier briefing has informed the Court as to how the Fourth Amended Complaint is before it for adjudication.

agreement with anyone entitling her to royalties, a right conferred by contract. The sought-after royalties, rather than being reflected in any written (or oral) agreement between Baiul and NBCUniversal, are merely contemplated as one of many production expenses in a 1995 VHS production agreement between NBCUniversal and On Ice Inc., the producer and rights-holder of the Nutcracker ("the OII agreement"). (FAC ¶¶ 2-5, Ex. A.) Plaintiffs claim their discovery that the OII Agreement (to which Baiul is not party) contemplated that NBCUniversal would pay royalties to Baiul and other artists pursuant to other agreements in some way entitles her to this "newfound" source of income – no matter what other agreement she may have entered into for her Nutcracker performance and no matter that she has alleged no agreement between herself and anyone – let alone NBCUniversal – to receive Nutcracker royalties. According to Plaintiffs', this language in the OII Agreement however, compels NBCUniversal to pay Baiul "no less than 30% of 100% of the first dollar gross revenue generated at the source" by Defendants' use of the Nutcracker. Nowhere does Baiul identify or suggest how she arrived at this number or any quantification of the alleged use of the VHS tape by the Defendants. Nevertheless, she claims she is owed a minimum of $2,700.000 in royalty income.

The second cause of action, combining conversion and restitution, is equally faulty. Plaintiffs allege that Defendants converted Baiul's performance in the Nutcracker to their benefit, with no compensation to Plaintiff. This claim purportedly entitles Baiul to the value of her Nutcracker performance, also estimated to exceed $2,700,00.

Finally, Plaintiffs demand an accounting. They claim that Defendants have failed to account to and pay Plaintiffs a fair market value, or "royalty," for Baiul's performance. Without such an accounting, Plaintiffs allege they cannot determine the exact and precise monies due them from Defendants.

Each of these claims is legally deficient and should be dismissed.

## ARGUMENT

## I.
## THE COMPLAINT SHOULD BE DIMMISSED IN ITS ENTIRETY

Federal Rule of Civil Procedure 12(c) compels dismissal of the FAC in its entirety. Motions for judgment on the pleadings pursuant to Rule 12(c) are assessed under the same legal standard as motion under Fed. R. Civ. P. 12(b)(6). *Alcantara v. Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan*, 751 F.3d 71, 75 (2d Cir. 2014); *see also Sosa v. Medstaff, Inc.*, No. 12 CIV. 8926 NRB, 2014 WL 4377754, at *4 (S.D.N.Y. Sept. 4, 2014), *aff'd sub nom*, 618 F. App'x 19 (2d Cir. 2015). This standard requires that the plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Lawrence v. Sharkey*, No. 13-CV-1743 SJF AKT, 2015 WL 2213274, at *2 (E.D.N.Y. May 8, 2015) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must "[accept] the allegations contained in the complaint as true and [draw] all reasonable inferences in favor of the nonmoving party, *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), the plausibility standard is not synonymous with a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Nor do courts make "plausibility determinations in a vacuum; it is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *In re JMK Constr. Grp., Ltd.*, 502 B.R. 396, 409 (Bankr. S.D.N.Y. 2013); *see also Ashcroft* 556 U.S. at 678 (plausibility demands "more than a sheer possibility that a defendant has acted unlawfully"). A pleading that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544.

At this late stage of the proceedings, there is no sensible debate that Plaintiffs' allegations are "doubtful in fact." However – even assuming their truth, as the Court must do – Plaintiffs' claims do not survive scrutiny under the appropriate legal standard for dismissal.

## A.    PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE COPYRIGHT ACT

If a state law claim is entirely preempted by copyright law, it follows that the claim must be dismissed. *E.g. Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 293 (S.D.N.Y. 2007) (dismissing state law claim as preempted by copyright); *Am. Movie Classics Co. v. Turner Entm't Co.,* 922 F. Supp. 926 (S.D.N.Y. 1996) (same). When a claim falls within the scope of copyright, "[t]hereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301.

Section 301 of The Copyright Act, "Preemption with respect to other laws", mandates that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright … are governed exclusively by" the Copyright Act. 17 U.S.C. § 301; *see also* 28 U.S.C. § 1338; *Galet v. Carolace Embroidery Prods. Co.,* No. 91 CIV. 7991 (SS), 1994 WL 542275, at *3 (S.D.N.Y. Oct. 5, 1994), *aff'd*, 122 F.3d 1056 (2d Cir. 1995). The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks

to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights that already are protected by copyright law under 17 U.S.C. § 106. *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (citing 17 U.S.C. § 301(a)). The first prong of the test is the "subject matter requirement"; the second prong is the "general scope requirement." *Id.* (citing *Nat'l Basketball Ass'n ("NBA") v. Motorola, Inc.,* 105 F.3d 841, 848 (2d Cir.1997)).

"[T]he subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Id.* (citing *NBA,* 105 F.3d at 848-49); *see also I.C. ex rel. Solovsky v. Delta Galil USA*, No. 1:14-cv-7289 (GHW), 2015 WL 5724812, at *16 (S.D.N.Y. Sept. 29, 2015); *Bellmer Dolls v. Shaikh*, No. 09-civ- 7020 (LMM), 2010 WL 565459, at *2 (S.D.N.Y. Feb. 18, 2010). The law does not require that a work consist entirely of copyrightable material in order to meet the subject matter requirement. Rather, the work need only fit into one of the copyrightable categories in a broad sense. *E.g.*, *Briarpatch*, 373 F.3d at 305; *see also NBA,* 105 F.3d at 850 (Section 301's preemption scheme only functions properly where the "'subject matter of copyright' includes all works of a *type* covered by sections 102 and 103, even if federal law does not afford protection to them."') (quoting *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1453 (7th Cir.1996) (emphasis in original)).

Under the general scope requirement, the state law claim must not "include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305 (citing *NBA,* 105 F.3d at 851); *see also Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 909 (2d Cir. 2011). The "bundle of rights" covered by a copyright claim has been recognized to include the exclusive right to use, reproduce, copy,

display, or distribute a copyrighted work. *Briarpatch,* 373 F.3d at 306; *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200-01 (2d Cir. 1983), *rev'd on other grounds,* 471 U.S. 539 (1985) ("right [plaintiffs] seek to protect is coextensive with an exclusive right already safeguarded by the [Copyright] Act – namely, control over reproduction and derivative use of copyrighted material"); *Buttner v. RD Palmer Enters., Inc.*, No. 5:13-cv-0342 (LEK)/(ATB), 2013 WL 6196560, at *3 (N.D.N.Y. Nov. 27, 2013) ("[T]he unauthorized distribution, copying, transference, or modification of a work is precisely the substance of a copyright infringement claim."); *see also* 17 U.S.C § 106 (defining exclusive rights in copyrighted works).

When determining whether a claim is qualitatively different from the rights protected by copyright, district courts are instructed to examine "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Briarpatch*, 373 F.3d at 306. This Circuit takes "a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.* (citing *NBA,* 105 F.3d at 851). "Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different." *Id.* Nor are allegations of deception or misrepresentation enough to transform a state claim into one of copyright. *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 220 (S.D.N.Y. 2010). A state law claim is therefore preempted when the extra element changes the scope but not the fundamental nature of the right. *See Barclays Capital Inc.,* 650 F.3d at 892-93; *Briarpatch,* 373 F.3d at 306-07; *Faktor v. Yahoo! Inc.*, No. 12-cv-5220 (RA), 2013 WL 1641180, at *5 (S.D.N.Y. Apr. 16, 2013).

Plaintiffs' state law claims meet both tests of copyright preemption, requiring their dismissal.

      1.      <u>The Fourth Amended Complaint Satisfies the Subject Matter Test for Preemption.</u>

There can be no reasonable dispute that Plaintiffs' claims fall within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103. Plaintiffs' claims concern Defendants' alleged recording of and subsequent distribution and exploitation of Baiul's figure skating performance in the Nutcracker, including the distribution and exploitation of multiple versions of her performance. (FAC ¶ 2-3 & Ex. A.) Thus, whether in reference to Baiul's performance or the resulting alleged recordings, Plaintiffs' claims sit perfectly within multiple categories of work protected by copyright. *See* 17 U.S.C. Code § 102(3) (dramatic works, including any accompanying music); § 102(4) (pantomimes and choreographic works); § 102(6) motion pictures and other audiovisual works); § 103 (derivative works).

The relevant inquiry is whether the claims concern a work covered by copyright – they do, *see* 17 U.S.C. §§ 102(3), (4), (6) and § 103 – and whether that work has been fixed within a tangible medium – it has, the video record of her performance. Moreover, any denial that Baiul's performance was fixed in a tangible medium would be a complete subversion of Plaintiffs' claims: They seek compensation on the basis of Defendants' alleged distribution and exploitation of a recording of the performance. Without a tangible, fixed medium to exploit for profit, there are no claims, and more troublesome for Plaintiffs, no royalties.

      2.      <u>The Fourth Amended Complaint Satisfies the General Scope Requirement for Preemption.</u>

          (a)      *Plaintiffs' Unjust Enrichment Claim Is Preempted.*

This Circuit is consistent in concluding, as the Court should here, that unjust enrichment claims are preempted by Copyright Law. *See Briarpatch*, 373 F.3d 296, 306-07 ("While

enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); *I.C. ex rel. Solovsky v. Delta Galil USA*, No. 1:14-cv-7289 (GHW), 2015 WL 5724812, at *17 (S.D.N.Y. Sept. 29, 2015) ("The overwhelming majority of courts in this circuit, including this Court, have held that unjust enrichment claims do not contain an 'extra element' and thus satisfy the general scope requirement.") (citing *Einiger v. Citigroup, Inc.*, No. 1:14–cv–4570 (GHW), 2014 WL 4494139, at *7 (S.D.N.Y. Sept. 12, 2014)); *Ardis Health, LLC v. Nankivell*, No. 11-civ-5013 (NRB), 2012 WL 5290326, at *10 (S.D.N.Y. Oct. 23, 2012) ("Courts have generally concluded that the theory of unjust enrichment protects rights that are essentially equivalent to rights protected by the Copyright Act; thus, unjust enrichment claims related to the use of copyrighted material are generally preempted.") (internal quotation marks omitted); *Gusler v. Fischer,* 580 F. Supp. 2d 309, 316-17 (S.D.N.Y. 2008) ("[A]lthough enrichment is not an element of a copyright infringement claim, it does not constitute an 'extra element' for the purposes of preemption analysis…") (citation omitted); *see also* 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright *307 § 1.01[B][1][g] (2003) ("[A] state law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and hence, preempted insofar as it applies to copyright subject matter.").

This conclusion naturally follows an analysis of the elements of an unjust enrichment claim: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover. *I.C. ex rel. Solovsky*, 2015 WL 5724812 at *17; *Levine v. Landy,* 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011). "Like the elements of awareness or intent, the enrichment element [ ] limits the scope of the claim but leaves its fundamental nature unaltered." *Briarpatch*, 373 F.3d at 306.

Plaintiffs support their unjust enrichment claim with bare-bone allegations that Defendants were enriched by their alleged use and exploitation of the Picture, entitling Plaintiffs to millions in unpaid royalties alleged to have resulted from its distribution. (FAC ¶ 14-16.) Plaintiffs' argument that her claims are not preempted because she is seeking "her share of the money", rather than "use and exploitation" of the Picture itself, can be easily disregarded. A plaintiff's allegation that she "failed to receive royalties 'does not transform [her] copyright infringement claim into an unjust enrichment claim,' and '[i]f the law were otherwise,' it would 'undermine § 301 preemption.'" *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 137 (S.D.N.Y. 2015) (citing *Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.,* 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008)).

(b)  *Plaintiffs' Conversion Claim Is Preempted.*

Courts within this district are as unequivocal in holding that conversion claims are preempted by the Copyright Act. *See Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 73-74 (2d Cir. 2010); *Harper & Row,* 723 F.2d at 201 (holding that a claim of conversion based on unauthorized publication of a work was preempted because it is "coextensive with an exclusive right already safeguarded by the Act"). As unauthorized publication and distribution is the crux of Plaintiffs' claim, "it is clear that the right they seek to protect is coextensive with an exclusive right already safeguarded by the Act – namely, control over reproduction and derivative use of copyrighted material. As such, their conversion claim is necessarily preempted." *Harper & Row*, 723 F.2d at 200; *see also Buttner*, 2013 WL 6196560 at *2 (finding conversion claim preempted); *Miller v. Holtzbrinck Publishers, LLC*, No. 08-cv-3508 (HB), 2008 WL 4891212, at *3 (S.D.N.Y. Nov. 11, 2008) (same); *Archie Comic Publ'ns, Inc. v. DeCarlo,* 141 F. Supp. 2d 428, 432 (S.D.N.Y. 2001) (same). Only where a conversion claim

alleges wrongful possession and exclusive control over of a tangible item rightfully belong to the plaintiff can the claim survive preemption. *See Harper & Row*, 723 F.2d at 200; *Buttner*, 2013 WL 6196560 at *2.

Plaintiffs have failed to allege that Defendants have retained possession of any tangible property. Their conversion allegation is merely a claim to protect rights protected by copyright and as result is preempted. *See also* Section D.2, *infra*.

        (b)     *Plaintiffs' Accounting Claim Is Preempted.*

Finally, Plaintiffs' accounting claim is preempted. The Complaint contains no facts that support their right to recovery under this equitable theory. Regardless of how Plaintiffs have titled their causes of action, Plaintiffs' basic claim is that Defendants distributed and exploited Baiul's performance without compensation to Plaintiffs. This claim, as discussed above, seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law. *Cf. Levine v. Landy*, 832 F. Supp. 2d 176, 188 (N.D.N.Y. 2011) (noting that defendants were alleged to have "received remuneration for distribution and publication of [plaintiff's] Photographs, the proceeds of which were not properly reported or remitted to" the plaintiff and that [t]hese acts, by themselves, would infringe plaintiff's publication and distribution rights protected by § 106"). "It is only through this basic claim that any enrichment is unjust … or that anyone profiting must account to plaintiff. Accordingly, the Copyright Act preempts plaintiff's [ ] state law claims [for an] accounting." *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999); *see also Carell v. Shubert Org.*, Inc., 104 F. Supp. 2d 236, 249 n.9 (S.D.N.Y. 2000) ("The Court notes that plaintiff's claim for accounting is asserted under state as well as federal law. Section 301 of the Copyright Act expressly preempts state law claims that are equivalent to claims falling within the scope of the Copyright Act, including a

state law claim for an accounting.") (citing *Richard Feiner & Co., Inc.*, 10 F. Supp. 2d 310, 316 (S.D.N.Y. 1998)); *Arden v. Columbia Pictures Indus., Inc.,* 908 F. Supp. 1248, 1264 (S.D.N.Y. 1995).

## B.    ALL OF PLAINTIFFS' CLAIMS ARE TIME-BARRED

New York unjust enrichment and accounting claims are governed by a six-year statute. *See* CPLR 213(1); *see also Sirico v. F.G.G. Prods., Inc.*, 896 N.Y.S.2d 61, 66 (1st Dep't 2010) (unjust enrichment); *Kaufman v. Cohen,* 760 N.Y.S.2d 157, 171 (1st Dep't 2003) (unjust enrichment); *In re Fischer*, 308 B.R. 631, 655 (Bankr. E.D.N.Y 2004) (accounting).  An unjust enrichment claim accrues upon the occurrence of the alleged wrongful act giving rise to restitution. *E.g.*, *Sirico*, 896 N.Y.S.2d at 66; *Elliot v. Qwest Commc'ns Corp.*, 808 N.Y.S.2d 443, 444-45 (3rd Dep't 2006); *Kaufman*, 760 N.Y.S.2d at 171.  An accounting claim accrues when the duty to pay arises.  *In re Fischer*, 308 B.R. at 655.

The cause of action for conversion is even shorter:  It expires three years after the act of conversion, "regardless of when the conversion is discovered." *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 292 (N.D.N.Y. 2012) (citing *Seneca Ins. Co. v. Wilcock*, No. 01 Civ. 7620 (WHP), 2002 WL 1067828, *6 (S.D.N.Y. May 28, 2002)); *see also* C.P.L.R. § 214; *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 394 (S.D.N.Y. 2010); *Gold Sun Shipping Ltd. v. Ionian Transp. Inc.*, 666 N.Y.S.2d 677, 678 (2d Dep't 1997); *Vigilant Ins. Co. of Am. v. Housing Auth.,* 660 N.E.2d 1121 (N.Y. 1995) (Statute runs "from the date conversion takes place and not from discovery or the exercise of diligence to discover."). Plaintiffs cannot avoid these limitations periods "merely by labeling the defendants' conduct 'fraudulent' throughout the complaint."  *Marketxt Holdings Corp.*, 693 F. Supp. 2d at 394 ("Notwithstanding plaintiff's frequent and conclusory assertions to the contrary, the gravamen of

plaintiff's claims is that [the defendant] stole money from [plaintiff], not that he lied about doing so.).

Applying the applicable statutes of limitations, Plaintiffs' claims come decades too late.

Plaintiffs admit that Baiul gave her performance in the Nutcracker in December 1994 – over 21 years ago. All of Plaintiffs' claims rely, as they have since this litigation's conception, on the 1995 OII Agreement between NBCUniversal and OII. Specifically, the claims derive from language in that VHS production agreement whereby NBCUniversal was to pay Baiul and other performers royalties pursuant to a "performance agreement," which all parties know now to be non-existent. That agreement was dated January 18, 2015 and effective as of December 31, 2004. (FAC, Ex. A.) Thus, the alleged wrong, duty to pay, and wrongful taking occurred upon formation of that agreement – by January 18 1995 at the latest. Her claims therefore expired over twenty years ago.

Even were Plaintiffs to argue and the court to assess the limitations period from the time that NBCUniversal's contractual obligations terminated, each claim is still time-barred. The written terms of the OII Agreement had a strict ten year term. It expired on December 31, 2004 with a potential sell-off period of just six months (Ex. A, § 1)). The latest date by which NBCUniversal had any rights to the Nutcracker (before they reverted back to On Ice, Inc.), could have earned any benefit from Baiul's performance, or could have had any obligation to pay royalties to Baiul (to the extent it ever did) was June 30, 2005. Therefore, her causes of action – all of which have a six year or less statute of limitations period and accrued – at the latest – when NBCUniversal last had an obligation or could have earned benefit from Plaintiffs – expired over eight years ago. *See*, *e.g.*, *Sirico*, 896 N.Y.S.2d at 66; *Bray Terminals, Inc. v. Transp. Oil Co.*, 580 N.Y.S.2d 498, 499 (3d Dep't 1992).

Anticipating that Plaintiff will claim her entitlement to royalties was not discoverable until NBCUniversal's "judicial admission" (*see* FAC ¶ 5), this argument should be disregarded. When assessing the discovery rule theory, as this Court did in its decision in *Baiul v. William Morris Agency, LLC (*"*William Morris*"*)*, 13-cv-8683 (KBF), 2014 WL 1804526 (S.D.N.Y. May 6, 2014), *aff'd*, 601 Fed. Appx. 58 (2d Cir. 2015), this Court held that Plaintiffs' claims are still years too late. As this Court acknowledged, in reliance on Baiul's pleadings in that matter, Baiul claimed to have received no payments for her performances (including the Nutcracker) after 1998. *Id.* at *7. "She had also allegedly received more than 20 fraudulent" statements from her former manager, "which would have put a person of ordinary intelligence on notice of this alleged pattern of non-payment." *Id.* "In light of these facts, a person of ordinary intelligence would have been on inquiry notice to further investigate potential fraud as of 2000 especially, as the [William Morris complaint] alleges, when [those] defendants had failed to pay Baiul more $57 million between 1993 and 1997." *Id*; *cf. Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991) ("[O]n a motion to dismiss under Rule 12(b)(6), the court may consider a pleading which plaintiff had signed and submitted in another judicial proceeding before this court."). Plaintiff was aware she performed in the Nutcracker. As of 2000, she would (or should) have been aware had she received no compensation for that performance.

Plaintiffs did not initiate this action until December 23, 2015 (ECF No. 5-3), at least five years after the most generously applied limitations period expired in 2000. Plaintiffs filed the instant amended complaint, on January 20, 2016, nearly eighteen months after being warned by this Court in May 2014 "that the filing of these clearly time-barred claims raises serious Rule 11 issues." *Id*. at *13.

Plaintiff ignores these admonitions, dates, and contractual provisions, instead asserting, without support, that NBCUniversal's alleged wrong is "continuing and recurring." (FAC ¶4.) In so doing, she has simply written an obligation into the OII Agreement that does not exist and that inexorably contradicts its written terms – presumably in attempt to evade the limitations period. New York authority commands "that where a contract is incorporated in a pleading it prevails over allegations of the pleader and over conclusions which the pleader has set up respecting its legal effect." *Weinbaum v. Algonquin Gas Transmission Co.*, 132 N.Y.S.2d 128, 130 (N.Y. Sup. Ct. 1954), *aff'd*, 136 N.Y.S.2d 423 (2d Dep't 1955); *see Goodman Mfg. Co. L.P. v. Raytheon Co.*, No. 98 CIV. 2774 (LAP), 1999 WL 681382, at *4 (S.D.N.Y. Aug. 31, 1999); *Aiken v. Herman Wolz Textile Corp.*, 152 N.Y.S.2d 664, 666-67 (N.Y. Sup. Ct. 1956); *La Potin v. Julius Lang, Co.*, 290 N.Y.S.2d 619, 619-20 (1st Dep't); *Clark v. Curtis*, 76 N.Y.S.2d 3, 4-5 (2d Dep't 1947), *aff'd*, 80 N.E.2d 536 (N.Y. 1948); *Kucker v. Gates Container Corp.,* 33 N.Y.S.2d 608, 608-09 (2d Dep't 1942), *aff'd*, 45 N.E.2d 1970 (N.Y. 1942); *see also N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

Moreover, with respect to the allegation of a "continuing" wrong, Plaintiffs do not meet the federal pleading standard requiring them to plead sufficient <u>facts</u> "to state a claim to relief that is plausible on its face." *Lawrence v. Sharkey*, No. 13-CV-1743 SJF AKT, 2015 WL 2213274, at *2 (E.D.N.Y. May 8, 2015) (*citing Twombly*, 550 U.S. at 570).

## C.   PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF FRAUDS

Plaintiffs have no contract claim against NBCUniversal. One, they have repudiated the existence of a written royalty agreement between NBCUniversal and Baiul. (Compl. ¶ 3.) Two,

any alleged oral agreement that is "recurring and continuing" would fall within but fail to satisfy the statute of frauds. The statute of frauds requires, in relevant part, that any agreement that by its terms cannot be performed within one year or which is not to be completed before the end of a lifetime, must be in writing. General Obligation Law § 5-701; *e.g.*, *City of Yonkers v. Otis Elevator Co*., 649 F. Supp. 716, 726 (S.D.N.Y. 1986), *aff'd*, 844 F.2d 42 (2d Cir. 1988); *Melwani v. Jain,* 722 N.Y.S.2d 145 (1st Dep't 2001). The writing that allegedly evidences a contract "must state the entire agreement with such certainty that the substance thereof will appear from the writing alone." *Tamir v. Greenberg*, 501 N.Y.S.2d 103, 104 (2d Dep't 1986). Thus, to satisfy the statute of frauds, the agreement must be in a writing that identifies (1) the parties; (2) describes the subject matter; (3) states all the essential terms of an agreement; and (4) be signed by the party to be charged. *Tamir*, 501 N.Y.S.2d at 104; *see also Durso v. Baisch*, 830 N.Y.S.2d 327, 328 (2d Dep't 2007) (citing *Urgo v. Patel,* 746 N.Y.S.2d 733 (2d Dep't 2002)). Plaintiffs have pled none of these requirements.

Agreements for recurring royalty payments – such as is alleged by Plaintiff here – must comply with the statute of frauds or are unenforceable. *See Sirico*, 896 N.Y.S.2d at 66 ("[Plaintiff's] alleged implied contract for royalties would be unenforceable since any agreement to pay royalties extending beyond one year must be in writing to satisfy the statute of frauds."); *Melwani,* 722 N.Y.S.2d at 146 ("The alleged oral agreement, under which defendants were to pay plaintiff a royalty during his lifetime, and then pay it to his heirs in perpetuity, was correctly held to be unenforceable under the Statute of Frauds."); *Hanrihan v. Parker*, 192 N.Y.S.2d 2, 5-6 (N.Y. Sup. Ct. 1959) ("contract … by its express terms is unenforceable under the Statute of Frauds, as an alleged promise … to pay plaintiff was incapable of performance within one year because the obligation to pay commissions would subsist for five years"); *see also Gentile v.*

*Jobete Music Co.*, 92-cv-4718 (RPP), 1996 WL 148427 (S.D.N.Y. Apr. 2, 1996), *aff'd sub nom,* 122 F.3d 1056 (2d Cir. 1997); *Horowitz v. Santamaria*, 731 N.Y.S.2d 449, 450-51 (1st Dep't 2001) (agreement for commission on royalties barred by statute of frauds).

It is likewise settled under New York law that a plaintiff may not recover under an unjust enrichment claim when the [s]tatute of [f]rauds bars the underlying contract that the unjust enrichment claim is predicated on. *Thiam v. Am. Talent Agency, Inc.*, No. 11 CIV. 1465 GBD, 2012 WL 1034901, at *5 (S.D.N.Y. Mar. 27, 2012) (citing *Morgenweck v. Vision Capital Advisors, LLC*, 410 F. App'x 400, 402 n.1 (2d Cir. 2011). Plaintiffs cannot simply reformulate their original contract claim, which is barred by the statute of frauds, to obtain unspecified damages under quasi-contractual theories. *Zeising v. Kelly*, 152 F. Supp. 2d 335, 345 (S.D.N.Y. 2001) (citing *Huntington Dental & Medical Co., Inc. v. Minnesota Min. of Mfg. Co.,* No. 95 CIV 1095 (JFK) 1998 WL 60954, at *7 (S.D.N.Y. Feb. 13, 1998) ("[T]he law prevents a plaintiff from circumventing the reach of the [S]tatute of [F]rauds by asserting a quasi-contract claim, such as *quantum meruit* or unjust enrichment.") & *Abrams v. Unity Mutual Life Ins. Co.,* 237 F.3d 862, 864-65 (7th Cir. 2001) (a claim for unjust enrichment may be barred if it is based on the same promise and seeks the same relief as the alleged oral agreement)); *cf. Zeising*, 152 F. Supp. 2d at 345  ("In a breach of contract case, "[t]he requirement of a writing cannot be circumvented by an action for compensation in *quantum meruit.*"). These conclusions naturally follow when considering the purpose of the statute of frauds:  "[T]he statute is meant to guard against suits based on 'false or exaggerated claims [that] can be asserted easily and disproved only with difficulty.'"  *Tower Int'l, Inc. v. Caledonian Airways, Ltd.*, 133 F.3d 908 (2d Cir. 1998) (citing *Sporn v. Suffolk Marketing, Inc.,* 438 N.E.2d 1108, 1109 (N.Y.1982)).

Plaintiffs' claims arise out of an alleged breach of contract. Their first, second, and third complaints each alleged liability against NBCUniversal for breach of a written agreement with Baiul (ECF No. 5-3,11,13)[3] Now, Plaintiffs have refashioned these continually invalid contract claims – which cannot survive the statues of frauds – into quasi-contractual claims. This is impermissible. *See Zeising*, 152 F. Supp. 2d at 345. (*"Here, there is a complete absence of a memorandum supporting Plaintiff's contract claims, and Plaintiff merely attempts to overcome the bar of the Statute of Frauds by seeking recovery"* under quasi-contractual theories.).

**D. THE FOURTH AMENDED COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR ANY CLAIM**

1. <u>Unjust Enrichment</u>

As discussed above, to successfully plead a claim for unjust enrichment, a plaintiff must allege that "1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000); *Jaffe v. Capital One Bank*, No. 09 CIV. 4106 (PGG), 2010 WL 691639, at *7 (S.D.N.Y. Mar. 1, 2010). The FAC contains no facts alleging that any or all the Defendants were enriched or received any benefit from their alleged exploitation of the Picture. The FAC perhaps nudges close to this requirement in attempting their conversion claim, which states that "Defendants and each of them have converted Oksana [sic] Performance to their benefit." (Comp. ¶ 18.) However, mere recitations of the elements of a cause of action and 'naked assertion[s]' devoid of 'further factual enhancement' are not sufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 554-57. Additionally, although Plaintiffs state that the "royalty" due to them is "no less than

---

[3] Indeed, Plaintiffs amended complaint in their California action resurrects, incredibly, their original contract claims, now asserted to be "implied in fact." *See* Talbert Declaration, Ex. 1 (California Second Amended Complaint). *See Cortec Indus., Inc.,* 949 F.2d at 47 (permitting judicial notice of pleading).

30% of 100% of the first dollar gross revenues generated at the source by Defendants' use and exploitation of the Picture," there are no facts pleaded that suggest the existence or amount of any such revenues, let alone what was retained by the Defendants or NBCUniversal specifically. This pleading is defective, as "a claim for unjust enrichment must specify the manner and extent to which a defendant was unjustly enriched." *Pawaroo v. Countrywide Bank*, No. 09-CV-2924 ARR SMG, 2010 WL 1048822, at *7 (E.D.N.Y. Mar. 18, 2010).

Finally, there is no allegation that the alleged enrichment was at the Plaintiffs' expense. Plaintiffs are required to show that they have a "possessory interest" in the benefit they seek to recover from NBCUniversal. *See Reed Int'l Trading Corp. v. Donau Bank AG*, 866 F. Supp. 750, 757 (S.D.N.Y. 1994). Critically absent from Plaintiffs' complaint is that they do not plead that Baiul ever entered into an agreement *with anybody* to receive royalties for her Nutcracker performance. Thus, she does not adequately plead that NBCUniversal assumed such obligation to Plaintiffs but failed to deliver to her that to which she is entitled. The FAC contains no facts supporting Baiul's entitlement to a "royalty" from any defendants or NBCUniversal specifically. This is made more apparent by the fact that the OII Agreement, the only document they point to in support of their claims, was executed after Baiul gave her 1994 performance. That NBCUniversal agreed or contemplated paying Baiul royalties after the fact pursuant to another agreement is not good enough: Baiul herself admits she never entered into an agreement with NBCUniversal. She also does not allege that she was not otherwise compensated for her performance. If an entitlement to royalties is not sufficiently alleged, NBCUniversal cannot be enriched to the detriment of Plaintiffs for failing to give Baiul these royalties. Finally, Plaintiffs do not offer that they suffered any actual loss. *See e.g. Edelman v. Starwood Capital Grp., LLC*, 892 N.Y.S.2d 37, 40 (1st Dep't 2009) (unjust enrichment claim dismissed as the alleged benefit

to defendants of using proprietary information was not at plaintiffs' expense, and plaintiffs did not suffer any loss in connection with that use). The assertion "that the Plaintiffs have suffered and sustained and are entitled to recover from Defendants and each of them actual general, compensatory and consequential damages of no less than $2,700,000." (FAC ¶ 16) is the type of formulaic label and legal conclusion proscribed by *Iqbal* and *Twombly*.

2.  Conversion

A New York plaintiff does not properly allege the tort of conversion unless she shows that she "owns and has the right to possess personal property, but that the property is in the 'unauthorized possession of another who has acted to exclude the rights of the owner.'" *Farey-Jones v. Buckingham*, 132 F. Supp. 2d 92, 106 (E.D.N.Y. 2001) (citing *Republic of Haiti v. Duvalier,* 626 N.Y.S.2d 472, 475 (1st Dep't 1995)). A cause of action for intangible property does not exist. *E.g.*, *MBF Clearing Corp. v. Shine,* 623 N.Y.S.2d, 204, 206 (1st Dep't 1995); *Rao v. Verde,* 635 N.Y.S.2d 660, 661 (2d Dep't 1995); *Star Contracting Co., Inc. v. McDonald's Corp.,* 608 N.Y.S.2d 327, 327 (2d Dep't 1994).

If the property at issue is money, the money must be both "specifically identifiable" and "subject to an obligation to be returned or to be otherwise treated in a particular manner." *Republic of Haiti,* 626 N.Y.S.2d at 475; *see also Farey-Jones*, 132 F. Supp. 2d at 106 ("Additional Rent refers to rights in contingent profits from rail car leases and, thus, constitutes intangible property [which] is not actionable under New York law."); *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 302 (N.D.N.Y. 2012) (If the "allegedly converted money is incapable of being 'described or identified in the same manner as a specific chattel, it is not the proper subject of a conversion action.") (quoting *9310 Third Ave. Assocs., Inc. v. Schaffer Food Serv. Co.*, 620 N.Y.S.2d 207, 208 (2d Dep't 1994) (internal citation omitted)). As

significantly, where a plaintiff never had ownership, possession or control of the money", the plaintiff has not stated a claim for conversion. *It's Ent., Div. of I.S. Enterprises, Inc. v. Choice Ent., Inc.*, No. 90 CIV. 0653 (RWS), 1991 WL 285615, at *10 (S.D.N.Y. Dec. 31, 1991) (citing *Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 452 N.Y.S.2d 599, 599 (1st Dep't 1982)); *cf. Manufacturers Hanover Trust Co. v. Chemical Bank,* 559 N.Y.S.2d 704, 712 (1st Dep't 1990) ("action will lie for conversion of money where there is ... an obligation to *return* ... the specific fund in question") (emphasis in original).

Plaintiffs' conversion claim fails for two independent reasons: Plaintiffs never allege they had possession or control over any tangible item currently in possession of NBCUniversal; and to the extent they base this claim on royalty money Baiul is allegedly owed, Plaintiffs have not identified the amount with the required specificity.

Plaintiffs claim that NBCUniversal "converted" Baiul's Nutcracker performance. Yet Baiul's figure skating performance is not a tangible item. Although the performance may be fixed within a tangible medium, a VHS recording, the dance performance itself is not a concrete item over which a person can exercise exclusive possession and control. With respect to a VHS tape, Plaintiffs do not allege that they ever possessed a unique physical recording of her performance but now Defendants refuse to give that item back. This would be the backbone of properly pled conversion claim.

If it is Plaintiffs' position that NBCUniversal has converted Baiul's royalties (as opposed to her actual "performance", this theory of conversion fails as well. By Plaintiffs' own admission, "no royalties have ever been paid to [Baiul]" (FAC ¶ 3), and therefore she has never been in possession of them to demand back. Plaintiffs also plead that "the exact and precise monies due to Plaintiffs are unknown," emphasizing the lack of specificity of their monetary

claim.  (FAC ¶¶ 3, 21.)  The only number value Plaintiffs have put forth is "no less than 30% of 100% of the first dollar gross revenue generated at the source."  Yet, this is not a calculable sum: Plaintiffs do not identify the "gross revenue", "the source", or other bases for a computation. This "description of the property allegedly converted is too vague and indefinite to support a claim for conversion." *Chang v. Gordon*, No. 96 CIV. 0152 (JFK), 1997 WL 563288, at \*10 (S.D.N.Y. Sept. 8, 1997); *see City of Syracuse*, 900 F. Supp. 2d at 302; *see also Ctr. for Rehab. & Nursing at Birchwood, LLC v. S & L Birchwood, LLC*, 939 N.Y.S.2d 78, 80 (2d Dep't 2012) (identifying need for pleading to be "sufficiently particular to give the appellants notice of the transactions or occurrences intended to be proved"); *cf. FS Media Holding Co. (Jersey) v. Harrison*, No. 13 CIV. 3144 SAS, 2013 WL 5780771, at \*4 (S.D.N.Y. Oct. 25, 2013) (a plaintiff may not seek to recover contractual damages by disguising them as a conversion claim); *E. End Labs., Inc. v. Sawaya*, 914 N.Y.S.2d 250, 251 (2d Dep't 2010) (same).

Accordingly, neither requirement for a monetary conversion claim has been met and this claim should be dismissed.  *See It's Ent., Div. of I.S. Enterprises, Inc. v. Choice Ent., Inc.*, No. 90 CIV. 0653 (RWS), 1991 WL 285615, at \*10 (S.D.N.Y. Dec. 31, 1991).

3.   Accounting

The FAC lacks facts demonstrating that Plaintiffs are entitled to an accounting. Plaintiffs' identical accounting claim in a mirror California action was dismissed in February 2012.  The Court set forth the requisite relationship to give rise to an equitable accounting claim:

> Plaintiff merely alleges that "Defendants have failed and refused and continue to fail and refuse to account to and pay Plaintiffs ... [, and an] accounting is necessary and appropriate since the exact and precise monies due to Plaintiffs are unknown to Plaintiffs and cannot be ascertained without an accounting."  Such allegations fail to establish the existence of any close or confidential relationship between Plaintiff and any Defendant. The accounting claim is, therefore, dismissed..

*Baiul v. NBC Sports, a division of NBCUniversal Media, LLC et al.*, No. 15-05163 (DDP)
(MRWx) (C.D. Cal. Feb. 2, 2016) (ECF No. 21-1).

Under New York law, the result is the same, "[t]he fact that plaintiff may be unable to
ascertain the amount [allegedly] due [her] does not in and of itself entitle [her] to equitable
relief." *Gerstel v. Workmen's Benefit Fund of U.S.A., Inc.*, 159 N.Y.S.2d 705, 708 (Sup. Ct.
Cnty. N.Y. 1956), *modified sub nom.*, *Gerstel v. Workmen's Ben. Fund of U.S.*, 167 N.Y.S.2d
998 (1st Dep't 1957). "The right to an accounting is premised upon the existence of a
confidential or fiduciary relationship and a breach of the duty imposed by that relationship
respecting property in which the party seeking the accounting has an interest." *Ctr. for Rehab. &
Nursing at Birchwood, LLC v. S & L Birchwood, LLC*, 939 N.Y.S.2d at 80 (internal citation
omitted). "[I]n the absence of a confidential or fiduciary relationship, plaintiffs have no cause of
action for an accounting." *Saunders v. AOL Time Warner, Inc.*, 794 N.Y.S.2d 342, 344 (1st
Dep't 2005).

The FAC does not allude, suggest, describe, or intimate a confidential or fiduciary
relationship between themselves and NBCUniversal. Plaintiffs allege no contact between
NBCUniversal or Plaintiffs at all; or that NBCUniversal assumed an obligation that was owed
Baiul by any third-party.[4] Their allegations stem solely from the OII Agreement (1) to which the
Plaintiffs are not parties; (2) which states unequivocally that On Ice, Inc. owns the rights to the
Nutcracker; and (3) contemplates royalty payment to Baiul under a "performance agreement"
that Plaintiffs concede never existed. *See Ctr. for Rehab. & Nursing at Birchwood, LLC*, 939
N.Y.S.2d at 80 ("Neither appellant entered into the contract which was the basis for the alleged

_____

[4] Moreover, even had Baiul alleged she was owed royalties by virtue of a contract with a third
party (*i.e.* On Ice Inc.), that would be insufficient to establish a duty between Baiul and
NBCUniversal. *See E. End Labs., Inc.* 914 N.Y.S.2d at 251).

fiduciary relationship.).  They accordingly have failed to allege that any relationship or "special circumstances are present warranting equitable relief in the interest of justice." *See Grossman v. Laurence Handprints-N.J., Inc.*, 455 N.Y.S.2d 852, 858 (2d Dep't 1982).

## II.
## NBCUNIVERSAL RESPECTFULLY SUBMITS SANCTIONS
## SHOULD BE IMPOSED PURSUANT TO 28 U.S.C. § 1927

28 U.S.C. § 1927 authorizes a district court to order an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" "to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Counsel's conduct in this matter should be seen to meet this standard.

To impose sanctions, the district court must find clear and convincing evidence that (1) the offending party's claims were entirely meritless and (2) a finding of bad faith on the part of the attorney.  *William Morris*, 2014 WL 1804526 at *12 (citing *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)); *see also Oliveri v. Thompson*, 803 F.3d 1265, 1273 (2d. Cir. 1986).  Bad faith may be inferred where the actions "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose…" *Salovaara* v. *Eckert*, 222 F.3d 19, 35 (2d Cir. 2000)).  While a rigorous standard, NBCUniversal respectfully submits that such extraordinary circumstances exist here.

This is the fifth complaint filed by Plaintiffs' counsel against NBCUniversal in this action.  Each complaint relies on a fragment of language in a long-ago expired agreement, whereby NBCUniversal agreed to pay all costs for the production of a VHS tape, including any royalties for participants in the Nutcracker, pursuant to a separate agreement.  (ECF No. 5.) Plaintiffs' counsel first initiated this action on the theory that this separate agreement, a "performance agreement" existed between NBCUniversal and Baiul and that it existed "into

23

perpetuity." (ECF. No 5-3, Ex. A.) In the multiple complaints filed, Plaintiffs' counsel has not only failed to allege any facts to support such allegations as more than a "mere possibility," but has ignored the written terms of the contract upon which all claims were based. The term of this agreement, which is undisputed, expired in 2004. (*Id.*) When NBCUniversal first raised a statute of limitations and statute of frauds defense, Plaintiffs' counsel reiterated that the allegations were based on a written, never-ending agreement with NBCUniversal. Now, having admitted no such agreement exists (*see, e.g.*, FAC ¶ 3), it is not a difficult leap to a conclusion that those allegations were meritless, made, and maintained year after year in deliberate effort to evade the statute of limitations and the statute of frauds.

Further, Plaintiffs' counsel was informed by this Court in the *William Morris* action –by which Baiul sought allegedly un-recouped compensation for her figure skating performances, including the Nutcracker performance – that her claims expired in 2000 at the latest. Nevertheless, Plaintiffs' counsel filed the immediate complaint, his fifth, thirteen years after Baiul's causes of actions had expired and eighteen months after this judicial determination.

As additional evidence of Plaintiffs counsel's bad faith, counsel filed a complaint (the Third Amended Complaint (ECF No. 5-13)) before this Court alleging the existence of a written agreement between Baiul and NBCUniversal *after* counsel already had represented to this Court that no such agreement existed. Counsel continued to maintain this action and refused to dismiss its allegations that a written agreement existed even after his clients were litigating a complaint in a California district court, charging NBCUniversal with liability for *failing to have a written contract with Baiul.* See *Baiul*, No. 15-05163, (C.D. Cal. 2016) (ECF No. 21-1).

Choosing instead to amend with a Fourth Amended Complaint, counsel asserted identical claims to those in California, asserting factual allegations that are the precise opposite of those

alleged in its four prior complaints. Counsel did so knowing, or should be charged as knowing, that those claims could not survive the statute of limitations and other fatal errors as discussed above. This behavior has undeniably and without justification multiplied these proceedings and the associated costs at the expense of precious judicial resources and of NBCUniversal.

## Conclusion

For the foregoing reasons, NBCUniversal respectfully requests that the Court grant NBCUniversal's motion for judgment on the pleadings, impose sanctions pursuant to 28 U.S.C. §1927, and award other relief as is deemed just and proper.

Dated:      New York, New York
            February 26, 2016

NBCUniversal Media, LLC

By:_/s *Chelley E. Talbert*_____
   Chelley E. Talbert (CT-3773)

30 Rockefeller Plaza, Rm. 622-543
New York, New York 10112
chelley.talbert@nbcuni.com
(212) 664-2527

*For NBC Sports, a division of*
*NBCUniversal Media, LLC*