UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OKSANA BAIUL and OKSANA LTD.,

                       Plaintiffs,


       v.

NBC SPORTS, a division of NBC UNIVERSAL
MEDIA LLC, a Delaware limited liability
company' ON ICE, INC., a California corporation;
BARRY MENDELSON, an individual; and DOES
1-10,

                       Defendants.

Index No.: 15-cv-9920 (KBF)

ECF

## NBCUNIVERSAL MEDIA, LLC'S REPLY MEMORANDUM OF LAW

NBC Sports ("NBCUniversal") responds to Plaintiffs' opposition to NBCUniversal's motion for judgment on the pleadings on the Fourth Amended Complaint (the "FAC") and for 28 § 1927 relief as follows:

- Plaintiffs' factual claims about and legal characterizations of the 1995 "Nutcracker Agreement" between NBCUniversal and On Ice, Inc., incorporated as part of each complaint, should be disregarded. The document speaks for itself. *See Goodman Mfg. Co. L.P. v. Raytheon Co.*, No. 98-cv-2774 (LAP), 1999 WL 681382, at *4 (S.D.N.Y. Aug. 31, 1999) (where a contract is incorporated in a pleading it prevails over allegations of the pleader and over conclusions which the pleader has set up respecting its legal effect).

- The bulk of Plaintiffs' opposition relies on a conclusion that California or Nevada law apply to this dispute. Plaintiffs have made no such showing. Nevada has no connection with this litigation, aside from the fact that Plaintiff Baiul chose to move to that state sometime after

commencing this suit in New York Supreme Court. (Am. Opp'n at 8.)  Plaintiffs already have insisted (incorrectly) that California law applies in their Motion to Dismiss Without Prejudice, making their Nevada claims dubious. (ECF No. 29 at 4-5.)  They do so here as well.  (*See* Am. Opp'n at 14 ("Under California law, the proper law that NBC chose to apply in the California action….").)  Nor does NBCUniversal's "fail[ure] to perform a choice of law analysis" require dismissal of its request for relief.  (Am. Opp'n at 10.)  There is no legal requirement that this argument be raised on a motion to dismiss, particularly where that issue has not been challenged, and Plaintiffs identify none.

- New York substantive law clearly applies here, and Plaintiffs, until it became convenient to litigate in California, have not disputed this. "New York courts generally defer to the intent of contracting parties as manifested in choice of law clauses…" *Bombardier Capital, Inc. v. Richfield Hous. Ctr., Inc.*, No. 91-cv-502, 1994 WL 118294, at *3 (N.D.N.Y. Mar. 21, 1994). The Nutcracker Agreement, the very foundation of Plaintiffs' claims is unequivocal in identifying choice of law as New York.  (Talbert Reply Decl., Ex. 1).  Plaintiffs however, continue to insist that "the operative agreements have no choice of law clause." (*See* ECF No. 29 at 4 (Pls. Mem of Law to Dismiss Without Prejudice (Feb. 16, 2016)); Pls. Mem of Law to Dismiss Without Prejudice, 15-cv-02816 (KBF) (June 30, 2015) (ECF No. 63 at 3)).  The only other agreement Plaintiffs point to, now for the first time, is the suddenly-relevant "Fox Agreement." (Am. Opp'n at 18.)   The Fox Agreement, which NBCUniversal produced to Plaintiff during discovery, also has New York choice of law and forum provisions.  The Court is likely not aware of this fact as ***Plaintiff have attached this document as an exhibit with this critical page missing.*** (*See* Opp'n, Ex. C (missing ¶ 22).)  Upon receiving Plaintiffs' opposition, NBCUniversal counsel visited the same website from which Plaintiffs downloaded the Fox

Agreement (as reflected on the document itself) and the complete document is available. (Talbert Reply Decl., Ex. 2 & ¶ 22.)

      o  NBCUniversal has little else to say about the inclusion of the Fox Agreement (Am. Opp'n, Ex. C), which is both confounding and, when read with the Nutcracker Agreement, the only relevant take away is that On Ice, Inc. represented that it owned the rights to the Nutcracker footage. Plaintiffs appear to agree, pleading Mendelson (who Plaintiffs allege to be the owner of On Ice, Inc.) owns the copyright. (FAC ¶ 8.)

    •  In any event, if any conclusion is to be drawn, it is Plaintiffs who have waived choice of law. They have proceeded in this matter in reliance on New York law until their attempt to refile in California. A party's "conduct during litigation may indicate assent to the application of another state's law,' and the court may therefore disregard the clause and apply the law to which the parties have assented." *Bombardier Capital, Inc.*, 1994 WL 118294 at \*3. (*See* Pls.' Opp'n to NBCUniversal's Motion to Dismiss (in New York Supreme Court), No. 654420/2013 (Mar. 17, 2014); Pls. Mem. of Law in Support of Motion to Remand, 15-cv-02816 (KBF) (June 10, 2015) (ECF No. 34); Pls. Mem of Law to Dismiss Without Prejudice, 15-cv-02816 (KBF) (June 30, 2015) (ECF No. 63); Pls. Reply Mem. Law to Dismiss Without Prejudice, 15-cv-02816 (KBF) (June 8, 2015) (ECF No. 79). (*See* Talbert Reply Decl., Ex. 3.) "The parties' briefs assume that New York law controls, and such implied consent… is sufficient to establish choice of law." *Krumme v. Westpoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (internal citation omitted).

    •  This Court has jurisdiction over Plaintiffs' state law causes of action and is instructed to apply the appropriate state law whether the claim is before it for diversity purposes (except in

limited circumstances) or supplemental jurisdiction. 28 U.S.C. § 1367. (This is also why Plaintiffs' argument that NBCUniversal relied on California law in California and is thus estopped from asserting New York law in the instant action is a non-starter). (Am. Opp'n at 7.) NBCUniversal has moved to dismiss Plaintiffs' complaints on several, independent bases: preemption as well as failure to state a claim, the limitations period, and the statute of frauds under New York substantive law.  Whether NBCUniversal removed this action under 28 § 1331 and § 1338 is irrelevant, much less evidence of an admission by NBCUniversal "that it misrepresented … the very grounds for removal" and "has committed a serious FRCP violation" for which is should be sanctioned." (Am. Opp'n at 6.)

- Thus, applying the New York limitations period is not merely appropriate, it is required. In any event, under any applicable statute of limitations Plaintiffs' claims are years too late.  For similar reasons, NBCUniversal's statute of frauds defense is no admission that these claims sound in contract so therefore cannot be preempted.  (Am. Opp'n at 10.)   NBCUniversal specifically argued that Plaintiffs made no breach of contract claim and have not pled the elements of one. (Br. at 14-15.) Plaintiffs' "performance" is thus irrelevant, as that doctrine is applicable to bolster the existence of an actual agreement between the parties.  "To qualify as part performance [the performance] would have to be pleaded as a term of the oral agreement, alleged to be unequivocally referable to the oral agreement and coupled with an element of detrimental reliance." *Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v. Aegis Grp. PLC*, 93 N.Y.2d 229, 235 (1999) (internal citation omitted).  Plaintiffs plead no such thing. Rather, they have attempted to dress up their claims from conception in effort to avoid these dispositive protections for defendants.

- Plaintiffs' continual refrain that NBCUniversal lost its motion under these theories in New York state court ignores that NBCUniversal prevailed in the California Action, in which Plaintiffs do not allege the existence of a "written agreement" "into perpetuity." (*See* ECF No. 35-5.) (For clarification, in the New York state court NBCUniversal argued that Plaintiffs had not even adequately alleged these facts, alleging only what Baiul "would have" received had an agreement been executed.) (*See, e.g.*, ECF No. 5-6 & ECF No. 30-1.)   If there is any relevance to Plaintiffs' repeated references to the transcript reflecting NBCUniversal's "loss", it is NBCUniversal's remarks that:

> [Plaintiffs'] position highlights what's wrong with their argument. The provision in the [Nutcracker] contract refers to the payment of royalties pursuant to the execution of another royalty agreement. [Plaintiff's counsel] can't explain what the royalty provisions are, because they don't know them because there is no certainty as to what was, in fact, agreed with respect to the payment of royalties…[and] the inability to plead what those terms are also leads to the inability to plead that NBC breached the terms of that agreement.

(ECF No. 30-1 at 9-10, 14.)

- Plaintiffs' reference to an "implied-in-fact" contract (Opp'n at 6) also may be disregarded.  Again, Plaintiffs do not allege a breach of contract; nor do they allege its essential elements: mutual assent on material terms. *Transition Invs., Inc. v. Allen O. Dragge, Jr. Family Trust*, No. 11-cv-4775 (PAC), 2011 WL 5865149, at *6 (S.D.N.Y. Nov. 21, 2011) (citing *Murray v. Northrop Grumman Info. Tech., Inc.*, 444 F.3d 169, 178 (2d Cir. 2006)), *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 318 (Sup. Ct. 2011).

- Plaintiffs' current claim for purposes of this opposition that Baiul consented to be filmed "upon the expectation that she had a written performer's agreement" [presumably with NBCUniversal as is the basis for her claims] (Opp'n at 4-5) conflicts with her complaint in *Baiul v. William Morris Agency et al.*, No. 13-cv-08683 (KBF) that she only learned of the Nutcracker Agreement containing such purported language on October 22, 2012 (Talbert Reply Decl., Ex. 4

at ¶ 225) and her pleading in *Baiul v. NBCUniversal Media*, LLC, No-15-cv-02816 (KBF) making the same allegation (ECF No. 5-9 at ¶ 29). *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991) ("[O]n a motion to dismiss under Rule 12(b)(6), the court may consider a pleading which plaintiff had signed and submitted in another judicial proceeding before this court."). Plaintiffs also claimed in their motion in opposition to NBCUniversal's motion to dismiss in state court that Baiul "only reasonably discovered that she was owed money by NBC on or about October 2012." (Talbert Reply Decl., Ex. 3 (Motion to Dismiss at 3).) Both claims cannot be true.

- This Court has jurisdiction over this matter. Plaintiffs' claims are preempted by the Copyright Act and the complaint "presents a substantial federal question by [ ] the nature of the federal interest at stake." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004); *see also MPEG LA, L.L.C. v. Toshiba Am. Info. Sys., Inc.*, No. 15-cv-3997 (JMF), 2015 WL 6685523, at *4 (S.D.N.Y. Oct. 29, 2015).

- Plaintiffs insist that NBCUniversal's motion must be dismissed for not including an argument that Plaintiffs fail to state a claim under the Copyright Act. Plaintiffs are wrong on their conclusion of law and identify none to support the contention: *But see, e.g., Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 293 (S.D.N.Y. 2007) (dismissing on preemption grounds without argument in brief against infringement). Moreover, NBCUniversal does in fact argue that Plaintiffs have disclaimed that Baiul is seeking "use and exploitation" of the Picture (Br. at 9), and Plaintiffs admitted in their own pleadings that she does not own the copyright in the Nutcracker. (FAC ¶ 8 "Mendelson is the owner of the copyright in the Picture."). *Cf. Panizza v. Mattel, Inc.*, No. 02-cv-7722 (GBD), 2003 WL 22251317, at *4

(S.D.N.Y. Sept. 30, 2003) (dismissing on preemption grounds where plaintiff admitted by declaration she has no copyright infringement claim).

- Plaintiffs also attempt to dismiss NBCUniversal's demonstration that the preemption doctrine's subject matter test has been met (suggesting NBCUniversal cites no judicial authority).  NBCUniversal has cited federal statutory authority, which could not be clearer.  *E.g.*, 301 § 102 (3)-(4) (dramatic and choreographic works).

- Plaintiffs are confused by the application of the Copyright Act's preemption doctrine. Baiul's live performance falls within the subject matter of copyright, even in the narrowest sense. *See* 17 U.S.C. §§ 102 & 103; *Briarpatch Ltd., L.P*, 373 F.3d at 305.  It is the tangible video tape capturing the performance that is copyrightable.  *Id.; see also Panizza v. Mattel, Inc.*, No. 02-cv 7722 (GBD), 2003 WL 22251317, at *3 (S.D.N.Y. Sept. 30, 2003) (concluding "videotape" of audio visual copyrightable).

- Plaintiffs purport to quote *Levine v. Landy*, 832 F. Supp. 2d 176, 188 (N.D.N.Y 2011) "for the proposition that a demand for royalties takes the complaint outside the scope of copyright." (Am. Opp'n at 4.)  This quote appears nowhere in *Levine*; these are counsel's words and they are incompatible with the line of cases holding that a claim for royalties *does not* take a complaint outside the scope of copyright, and "[i]f the law were otherwise' it would undermine § 301 preemption."  *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 137 (S.D.N.Y. 2015) (citing *Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008)).  Finally, NBCUniversal firmly distinguished *Levine* in opposition to remand, which *did* conclude that claims with respect to certain photographs for which the plaintiff demanded payment were preempted (ECF No. 20 at 10 n8).  In any event, "[a] decision

7

of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n7 (2011); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 377 (S.D.N.Y. 2000).

- Finally, bad faith, vexatiousness, and an unreasonable and dramatic waste of time and resources by counsel and Plaintiffs have been amply demonstrated. Ironically, it is their "diligence" in pursuing these claims that illustrates NBCUniversal's point. The FAC should never have been filed, particularly given its lack of merit. Even considering only this matter, as Plaintiffs argue this Court must, counsel unreasonably filed the FAC while the same claims were pending and awaiting adjudication in California. The only reason to do so was to attempt to refile here should the outcome in California be unfavorable. He also filed requests for broad swaths of financial information from third-parties in the state court, which were quashed and led to a halt of discovery. (Talbert Decl., ¶ 9 (ECF No. 35.)

- Counsel's protest that he attempted repeatedly to dismiss is disingenuous. It was inappropriate in 2015 and inappropriate now as well. Plaintiffs would only agree to dismissal *without* prejudice and represented that to be the case to preserve the right to renew their claims in New York at some uncertain point in the future, no matter the outcome in California. Counsel's current res judicata argument is also without merit: While NBCUniversal consented to the amendment to avoid additional briefing on that issue knowing it would move to dismiss whatever claim was operative, NBCUniversal made repeated requests of counsel to dismiss this action and proceed only in California – where Plaintiffs had filed even though factually antithetical claims were still pending here. NBCUniversal simultaneously offered to stipulate in

writing that no res judicata motions or argument would be made by NBCUniversal.  (Talbert Decl., ¶¶ 14-17 (ECF No. 35).)

- Counsel has filed brief after brief and complaint after complaint (all of which required review by NBCUniversal) that are consistently devoid of legal support, precedent, binding authority, or merit.  For this, the Court need only to look at the most recent motion to remand, motion to dismiss without prejudice, and opposition to NBCUniversal's motion on the pleadings, each of which is wanting for legal argument and authority.  Regardless, counsel threatens frivolous appeals of the Court's decisions, generally with taunts, threats of sanctions, motions for reconsiderations, and unfounded accusations of fraud on the court.  (Talbert Decl., Ex. 9 (ECF No. 35).)

- Counsel has in fact historically threatened parties that oppose his clients in this action with Rule 11 sanctions and fraud upon the Court, *see* 15-cv-02816 (KBF) (Aug. 7, 2015) (ECF. No. 95) (against Sonar Entertainment, Inc.); Talbert Decl., Ex. 35-1 at Nos. 312-316 (against third-party); Talbert Decl., Ex. 9 (against NBCUniversal), and do so now as well.

- Counsel refused to withdraw after the California decision and failed to bring controlling authority to this Court's attention (*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) even after discussing this case with NBCUniversal's counsel when NBCUniversal requested withdrawal of the FAC before NBCUniversal needed to brief remand. (Talbert Reply Decl. ¶ 5.)  Nor did counsel bring this authority to the Court's attention in reply after NBCUniversal was forced to make its motion, simply ignoring controlling authority that did not support his client's position.

- Finally, the personal attacks on the integrity of NBCUniversal's counsel are unwarranted, unsupported, and generously described as unprofessional. (*See* Am. Opp'n at 1, 6, 10, 12, 19, 15.) Plaintiffs' have no basis to intimate that counsel is "lying" or of "suspected dishonesty" for disclaiming the existence of a contract:  No evidence of a contract has ever been produced by any party and it is Plaintiffs who originally brought contract claims yet failed to demonstrate the existence of one. Counsel however continually hurls accusations of deceit, lies, fraud on the court, "serious" Rule 11 violations, demands for sanctions, and "dramatic[]" misrepresentations to the Court.  All of this unproven.  All of this without justification or support.

- The decision to grant attorneys' fees "requires application of a test of overall fairness given the nature of the case….and the effect on the parties." *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992) (internal quotation marks omitted).   Granting sanctions, a filing injunction (as Plaintiffs have attached their Reply to NBCUniversal's request to their Opposition as an exhibit) or other relief as the Court deems proper is appropriate here. NBCUniversal does not follow Plaintiffs' lead in making these requests lightly.

### Conclusion

For the foregoing reasons, NBCUniversal respectfully requests that the Court grant its motion in its entirety with prejudice.

Dated:   New York, New York
         March 16, 2016

NBCUniversal Media, LLC
By: /s *Chelley E. Talbert*

Chelley E. Talbert (CT-3773)
30 Rockefeller Plaza, Rm. 622-543
New York, New York 10112
chelley.talbert@nbcuni.com
(212) 664-2527

*For NBC Sports, a division of*
*NBCUniversal Media, LLC*