UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OKSANA BAIUL and OKSANA, LTD

                    Plaintiffs,

       -against-

NBC SPORTS, a division of NBC
UNIVERSAL MEDIA LLC, a Delaware
limited liability company; ON ICE, INC. a
California corporation; BARRY
MENDELSON, an individual; and DOES 1-
10,

                    Defendants.

------------------------------------------------------------X

Case No. 15-cv-09920-KBF

**Judge Katherine B. Forrest**

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR LEAVE TO WITHDRAW AS
COUNSEL FOR PLAINTIFFS**

Raymond J. Markovich, Esq. ("Counsel"), attorney for Plaintiff Oksana Baiul a/k/a Oksana S. Baiul a/k/a Oksana S. Baiul-Farina and Plaintiff Oksana, LTD (individually and collectively "Oksana"), hereby respectfully requests that this Court, in accordance with Local Civil Rule 1.4, grant him leave to withdraw as counsel for Oksana. As this Court knows, Counsel informed this Court on March 9, 2016 that he would be filing a motion to withdraw the next morning but this Court denied his motion before it was even served. Dkt. 38-39.

**I.    Introduction**

In reading NBC's papers, one might think that Oksana and Counsel have committed crimes against humanity[1][2][3] but all that they have been trying to do is collect what Oksana is

---

[1] Counsel now expects to hear from NBC what a terrible guy he is and that he should be sanctioned for catching NBC lying yet again but NBC's new assertion concerning NBC having produced the Fox agreement in discovery [Dkt. 46, p. 2] proves that NBC lied in its motion when it stated that Oksana's claims are based upon "a fragment of language in a long-ago expired agreement" [Dkt. 32, p. 23] since her claims are clearly based upon two or more agreements. NBC now again lies to this Court by making it sound like NBC discovered the Fox agreement and provided it to Oksana when the truth is that the full Fox agreement is Exhibit 3 to Oksana's initial complaint served on December 23, 2013 which was about 6 months before any discovery. RJM Aff ¶12; Ex. A; Dkt. 46, p. 2-3. Furthermore, NBC asserts that Oksana's claims are not contract claims but nonetheless are somehow amazingly subject to a choice of law clause in an

1

legitimately owed. While we fully appreciate this Court's belief in the importance of statutes of limitations and other legal doctrines and while not conceding Oksana's positions on the applicable legal doctrines, going back to common law England, Courts have historically taken fairness into account and in that context, is it fair that Oksana was personally paid nothing for the Nutcracker which is still being exploited?

## II.  Facts

Counsel has already tried to voluntarily dismiss this Action without prejudice three times (not counting the pending FRCP 41(a)(2) motion). RJM Aff ¶1. Oksana has prevailed on the only dispositive motion already decided in New York County Supreme Court. Oksana has prevailed on a prior motion to remand. RJM Aff ¶2. NBC has applied the wrong proper law in its FRCP 12(c) and 28 U.S.C. § 1927 motion since claims for conversion, unjust enrichment and accounting, as well as, an action sounding in implied-in-fact contract should be governed by the law of California or the law of Oksana's residence which is Nevada. RJM Aff ¶2. NBC's state

---

agreement to which Oksana was not a party nor a successor and counsel for Oksana is somehow guilty for not bringing this irrelevant choice of law clause to this Court's attention. This is not the law and these are yet additional frivolous arguments by NBC. As for Oksana's assertion that the operative agreements contain no choice of law clause, neither the written performance agreement (which NBC claims never existed) that Oksana had originally pled nor the implied-in-fact contract that she believes has now been pled contain a choice of law clause so Oksana's statement is correct. NBC tries to purposefully mislead this Court by confusing agreements (OII and Fox agreements) to which Oksana was not a signatory with Oksana's prior allegation of a written performance agreement or her current pleading of an implied-in-fact contract.

[2] As for NBC's claim that Counsel misquoted *Levine*, Counsel had actually quoted NBC's counsel, not *Levine*, and such quote can be found at Dkt. 20, p. 10, N. 8. Perhaps all of NBC's confusion with choice of law and trying to cover NBC's lies made NBC fail to see, despite NBC's diligent reading of *Levine*, that Counsel was quoting NBC's counsel. *Compare* Dkt. 20, p. 10, N. 8 with Dkt. 44, p. 4.

[3] As for *Briarpatch* versus *Levine*, Oksana believes that *Levine* is correct and a well-reasoned, fairly recent decision in an area where there is much confusion. Oksana believes that the 2d Circuit will ultimately affirm the principles enunciated in *Levine* if in fact they ever come before the 2d Circuit.

law based statute of frauds defense, which is a contractual defense, raises issues as to whether Oksana's most recent remand motion was correctly decided. RJM Aff ¶3.

On March 7, 2016 and four days prior to Oksana's due date of March 11, 2016 for serving an opposition to Defendant NBC Universal Media, LLC's ("NBC") FRCP 12(c) and 28 U.S.C. § 1927 motion and four days prior to Oksana's due date of March 11, 2016 for serving a reply to NBC's opposition to Oksana's FRCP 41(a)(2) voluntary dismissal motion, this Court issued an order advising that sanctions against Counsel under 28 U.S.C. § 1927 may be avoided if Oksana voluntarily dismissed this Action with prejudice not later than March 11, 2016 ("March 7th Order"). Dkt. 37. RJM Aff ¶4.

Counsel discussed the March 7th Order with Oksana but Oksana refused then and refuses now to dismiss this Action with prejudice. RJM Aff ¶5.

In an attempt to comply with the March 7th Order, to the extent that Counsel could possibly comply personally, Counsel timely requested on March 9, 2016 an adjournment of the reply and opposition due on March 11, 2016 so that Counsel could withdraw and Oksana could obtain new counsel. Dkt. 38. RJM Aff ¶6. Counsel advised the Court that he would be serving his motion for leave to withdraw in the morning on March 10, 2016. Dkt. 38. On March 10, 2016 at 9:03 AM, Counsel received by ECF a notification and promptly downloaded the March 10th Order denying his motion for leave to withdraw (which had not yet even been served), denying the request for an adjournment and ordering Counsel to fully brief the reply and opposition ("March 10th Order"). Dkt. 39. RJM Aff ¶7.

In an attempt to comply with the March 7th Order and the March 10th Order that Counsel had discussed with Oksana, Counsel was directed by Oksana to serve the reply and opposition and he has done so. But this Court should note that Counsel had attempted to withdraw and the

3

reply and opposition that have been served are Oksana's, not Counsel's. RJM Aff ¶8.

**III.    Argument**

The March 7th Order requires withdrawal by Counsel under Local Civil Rule 1.4 and the following New York Rules of Professional Conduct ("Rules"):

**Local Civil Rule 1.4**

Local Civil Rule 1.4 states:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

The March 7th Order requires dismissal with prejudice of this Action in order for Counsel to avoid sanctions which means that Counsel has arguably already been granted leave to withdraw but for the sake of caution, Counsel specifically requests leave of this Court to withdraw under Local Civil Rule 1.4. This Action is in the preliminary stages before this Court and has not yet had its initial pre-trial conference. RJM Aff ¶9. No trial date has been set and there has been no discovery before this Court. Counsel does not assert a retaining or charging lien against case 15-cv-09920-KBF. *Id*.

**Rule 1.16(b)(4) - Mandatory Withdrawal**

The Rules require an attorney to withdraw if the attorney "should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person." N.Y. Rul. Prof. Con. 1.16(b)(4).

This Court appears to have already determined that "Counsel should know" and will

4

likely be subject to sanctions if Oksana does not dismiss this Action with prejudice. Dkt. 37. Since Oksana refuses to dismiss this Action with prejudice, Counsel should be allowed to withdraw immediately in accordance with N.Y. Rul. Prof. Con. 1.16(b)(4). RJM Aff ¶5.

**Rule 1.16(c)(6) - Permissive Withdrawal**

The Rules permit an attorney to withdraw if "the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." N.Y. Rul. Prof. Con. 1.16(c)(6).

This Court appears to have already determined that Oksana's claims cannot be supported by a "good faith argument" and Counsel will likely be subject to sanctions if Oksana does not dismiss this Action with prejudice. Dkt. 37. Since Oksana refuses to dismiss this action with prejudice, Counsel should be permitted to withdraw immediately in accordance with N.Y. Rul. Prof. Con. 1.16(c)(6). RJM Aff ¶5.

**Rule 1.16(c)(10) - Permissive Withdrawal**

The Rules permit an attorney to withdraw if "the client knowingly and freely assents to termination of the employment." N.Y. Rul. Prof. Con. 1.16(c)(10). The matter of withdrawal, the March 7th Order and the March 10th Order have been fully discussed with Oksana and she "knowingly and freely assents to termination of the employment." RJM Aff ¶10. Counsel should be permitted to withdraw immediately in accordance with N.Y. Rul. Prof. Con. 1.16(c)(10).

**Rule 1.16(c)(12) - Permissive Withdrawal**

The Rules permit an attorney to withdraw if the attorney "believes in good faith ... that the tribunal will find the existence of other good cause for withdrawal." N.Y. Rul. Prof. Con. 1.16(c)(12).

As this Court surely understands, Counsel is not permitted either contractually or under the Rules to dismiss with prejudice absent Oksana's consent. Oksana does not consent. So if Counsel were to dismiss with prejudice without Oksana's consent, it would be breach of contract, malpractice and a violation of the Rules. However, in accordance with the March 7th Order, Counsel can only avoid sanctions if he dismisses this Action with prejudice. RJM Aff ¶11. A similar scenario was addressed in *Whiting* although *Whiting* was on the eve of trial. *Whiting v. Lacara,* 187 F.3d 317 (2d Cir. 1999).

In *Whiting*, counsel was allowed to withdraw, even on the eve of trial, because of a functional conflict of interest created by a choice between exposure to a malpractice action or to potential FRCP 11 or other sanctions. *Id.* at 323. In this Action which has not even had it's initial pre-trial conference, Counsel is faced with a choice between exposure to an action for breach of contract and/or malpractice or 28 U.S.C. § 1927 sanctions. Under *Whiting*, Counsel should be permitted to withdraw immediately in accordance with N.Y. Rul. Prof. Con. 1.16(c)(12). *Whiting* at 323.

**28 U.S.C. § 1927**

Since Counsel has made a good faith effort to comply with the March 7th Order and by withdrawing, Counsel is effectively complying with the March 7th Order to the extent that he may under *Whiting*, this Court should not sanction Counsel under 28 U.S.C. § 1927.

IV. **CONCLUSION**

For the foregoing reasons, Counsel should be permitted leave to immediately withdraw as counsel for Oksana in this Action and no sanctions should be imposed against Counsel.

Dated: West Hollywood, California
       March 24, 2016

<u>/s/ Raymond J. Markovich</u>
Raymond J. Markovich, Esq. (RM0919)
Attorney for Plaintiffs -
*Oksana Baiul and Oksana, LTD*
351 Westbourne Drive
West Hollywood, CA 90048
(323) 401-8032
rjmarkovich@me.com